## UNITED STATES

### v.

### Aris W. HALIDAY, III, 208 48 3858, Seaman Recruit (E–1), U.S. Navy.

### NMCM 90 2891.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 13 April 1990.

Decided 8 Jan. 1991.

LT Randall L. Chambers, JAGC, USNR, Appellate Defense Counsel.

LtCol J.S. Uberman, USMC, Appellate Government Counsel.

Before ALBERTSON, LANDEN and LAWRENCE, JJ.

LANDEN, Judge:

Appellant was convicted pursuant to his pleas of violations of Articles 86 (three specifications) and 134 (three specifications), Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886 and 934, by a military judge sitting as a special court-martial. He was sentenced to be confined for 90 days, to forfeit $482.00 pay per month for 3 months, and to be discharged

from the Navy with a bad-conduct discharge. The sentence was approved by the convening authority.

■■■ During the sentencing portion of the trial, a prosecution witness testified concerning appellant's past performance and potential for rehabilitation and future service. The use of euphemisms such as "potential for future service" was denounced by the Court of Military Appeals in *United States v. Ohrt*, 28 M.J. 301 (C.M. A.1989), as tantamount to expressing an opinion that an accused should be punitively discharged. We do not construe *Ohrt* to restrict the prosecution from offering helpful presentencing evidence, but trial counsel must refrain from asking questions that may elicit the opinion of the witness that the accused has no place at all in the military and should receive a punitive discharge. *United States v. Cherry*, 31 M.J. 1 (C.M.A.1990); *United States v. Antonitis*, 29 M.J. 217 (C.M.A.1989). In this case there were no objections to the testimony of the Government witnesses, and the issue has not been raised on appeal. We find that under the facts and circumstances of this case, admission of the euphemism was harmless. *See United States v. Allen*, 31 M.J. 572 (N.M.C.M.R.1990).

■■■ The receipt for the defense copy of the record of trial was signed "for" the defense counsel by a chief petty officer. The same chief petty officer signed "for" the trial counsel the certificate of delivery of the record of trial to the defense counsel. Rule for Courts–Martial (R.C.M.) 1104(b), provides that a copy of the record of trial shall be provided to the accused or, if the accused requests, it can be provided to his defense counsel. The reason for this rule is to provide the accused the opportunity to review the record of trial with a view to providing comments to reviewing authorities. There is nothing in the record of trial to show that the defense counsel received the record of trial. Also, there is nothing to show that the petty officer had authority to sign "for" the trial counsel or the defense counsel.

Employment of the procedure of having the same person sign an acknowledgement that the record has been properly delivered and then sign for receipt of the record reduces processing times. However, this procedure presents, at the very least, an appearance of impropriety and circumvents the function and purpose of R.C.M. 1104(b)(1), that is, the assurance that the defense counsel has a copy of the record for use in his continued representation of the accused. *United States v. Palenius*, 2 M.J. 86 (C.M.A.1977). Trial defense counsel's continued post-trial representation is an important right of an accused and includes a thorough examination of the record of trial and setting forth for reviewing authorities such facts and arguments as would militate against approval or affirmance of either the findings or sentence. *United States v. Palenius*, at 92. While R.C.M. 1104(b)(1) provides for substituted service of the record of trial on the defense counsel in lieu of personal service on the accused, it does *not* provide for substituted service on a third person in lieu of personal service on the defense counsel or the accused. In resolving this issue, we test for prejudice and note the following:

1. the issue has not been raised on review;

2. the accused personally received a copy of the staff judge advocate recommendation (Article 60, UCMJ);

3. the trial defense counsel personally received the staff judge advocate recommendation and advised she had no comments concerning the recommendation; and

4. the accused at trial requested that his copy of the record of trial be served on his defense counsel.

While the practice employed in serving the record of trial on defense counsel in this case is not authorized by R.C.M. 1104, we find that, under the facts and circumstances of this case, the accused was not prejudiced.

The findings and sentence as approved on review below are affirmed.

Senior Judge ALBERTSON and Judge LAWRENCE concur.