UNITED STATES

v.

Daniel P. HORNE, 401 23 4422, Seaman Recruit (E–1), U.S. Navy.

NMCM 91 0271.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 31 Oct. 1990.

Decided 14 June 1991.

Maj G.S. Warner, USMC, Appellate Defense Counsel.

LCDR Stanley Landfair, JAGC, USNR–R, Appellate Defense Counsel.

LtCol J.S. Uberman, USMC, Appellate Government Counsel.

Before WILLEVER, Chief Judge, STRICKLAND, Senior Judge and ORR, J.

**PER CURIAM:**

The appellant in this case was tried by a military judge sitting alone, convicted in accordance with his pleas of three unauthorized absences and the use of marijuana, and sentenced to confinement for 60 days, forfeiture of $482.00 per month for 2 months, and a bad-conduct discharge. The convening authority approved the sentence as adjudged.

 In response to specific inquiries by the military judge during his trial, the appellant specifically asked that both his copies of the record of trial and the staff judge advocate's post-trial recommendation be sent to him vice his defense counsel. Both of these requests coincide with express post-trial rights provided to every accused.

> The accused may submit to the convening authority matters for consideration by the convening authority with respect to the findings and sentence.... [S]uch a submission shall be made within 10 days after the accused has been given an authenticated record of trial and, if applicable, the recommendation of the staff judge advocate or legal officer under subsection (d)....

Article 60(b)(1), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 860(b)(1). *See also* Rules for Courts–Martial (R.C.M.) 1104(b)(1)(A) and 1105(c)(1), Manual for Courts–Martial, United States, 1984. "The recommendation of the staff judge advocate or legal officer shall include such matters as the President may prescribe by regulation and shall be served on the accused, who may submit any matter in response under subsection (b).... " Article 60(d), UCMJ, 10 U.S.C. § 860(d). *See also* R.C.M. 1106(f)(1). Neither of these rights were accorded the appellant, and his express requests that those rights be extended to him were disregarded. The trial counsel (or at least a Legalman First Class acting for him) signed a certificate attesting that the appellant's copy of the record of trial was served on the appellant's defense counsel "because [t]he accused so requested on the record at the court-martial." In actuality, we do not even have a reasonable basis to conclude that the appellant's defense counsel actually received the copy because the same Legalman First Class, who had just signed an inaccurate attestation, signed for the defense counsel's receipt of the appellant's copy. This latter act is a practice this Court has previously criticized in an opinion issued shortly after this purported delivery. *United States v. Haliday,* 32 M.J. 828 (N.M.C.M.R. 1991). It should be obvious, however, that the Legalman First Class could not have been authorized to receive the appellant's copy of the record in behalf of the defense counsel since the defense counsel, himself, was not so authorized.

 As to the staff judge advocate's post-trial recommendation, even though the appellant's defense counsel indicated that he had no desire to submit corrections or rebuttal, such a waiver cannot be applied to the appellant who had specifically requested his own copy of the recommendation and, therefore, was independently entitled to an opportunity to submit such matters. In addition, unlike the record before the Army Court of Military Review in *United States v. Diaz–Carrero,* we have nothing in either the staff judge advocate's recommendation, the convening authority's action, or the rest of the record on which to base a presumption of regularity that the appellant received a copy of the recommendation even though we would agree that *affirmative* proof of service is not required. 31 M.J. 920, 921 (A.C.M.R.1990). In the case before us, the staff judge advo-

cate's recommendation has a "Copy to" but only lists the defense counsel as a recipient. The failure to list the appellant, absent any indication that a copy was sent to him, would tend to support a presumption that he was *not* provided a copy of the recommendation.

We also note that the promulgating order fails to indicate the date the sentence was adjudged as required by R.C.M. 1114(c)(2).

The action of the convening authority, dated 24 January 1991, is set aside. The record of trial will be returned to the Judge Advocate General to ensure that a copy of the authenticated record of trial is served on the appellant in accordance with R.C.M. 1104(b)(1)(A), that a copy of the staff judge advocate's recommendation is served on the appellant in accordance with R.C.M. 1106(f)(1), that the appellant is afforded 10 days after service of the copy of the record or the copy of the recommendation, whichever is later, to submit matters in accordance with R.C.M. 1105 and R.C.M. 1106(f), and that a new action by the same or a different convening authority is taken in accordance with Article 60(c)–(e), UCMJ.