# UNITED STATES

v.

**Jackie M. WATKINS, 266 65 3413, Lance Corporal (E–3), U.S. Marine Corps.**

**NMCM 91 2390.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 20 May 1991.

Decided 29 July 1992.

LT T.S. Susanin, JAGC, USNR, Appellate Government Counsel.

Before FREYER, HOLDER and MOLLISON, JJ.

MOLLISON, Judge:

Consistent with his pleas of guilty, the appellant was found guilty of conspiracy to commit housebreaking and larceny, escape from custody, making a false official statement, larceny, housebreaking, and obstruction of justice in violation of Articles 81, 95, 107, 121, 130, and 134, respectively, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 895, 907, 921, 930, 934. A military judge sitting alone as a general court-martial sentenced the appellant to be confined for 30 months, to forfeit all pay and allowances, to be reduced to pay grade E–1, and to be discharged with a bad-conduct discharge. The convening authority approved the adjudged sentence but suspended confinement in excess of 24 months pursuant to a pretrial agreement. The appellant asserts six errors were committed in connection with his court-martial.[1] Two assignments of error concern the providence of his guilty pleas. The balance concern the post-trial processing of his case. Finding no error materially prejudicial to the substantial rights of the appellant, we affirm.

*Providence of the Appellant's Guilty Pleas*

An accused may not enter inconsistent, improvident or uninformed pleas of guilty. Article 45, UCMJ, 10 U.S.C. § 845. Before the military judge may accept an accused's plea of guilty, he must personally inform the accused of the nature of the offense to which the plea is offered and

Maj G.S. Warner, USMC, Appellate Defense Counsel.

CDR Steven A. Curlee, JAGC, USNR, Appellate Defense Counsel.

1. I. APPELLANT'S PLEAS TO CHARGE III AND ITS SPECIFICATION, FALSE OFFICIAL STATEMENT, ARE IMPROVIDENT.
II. APPELLANT'S PLEA TO CHARGE II AND ITS SPECIFICATION, ESCAPING CUSTODY, ARE IMPROVIDENT.
III. THE STAFF JUDGE ADVOCATE FAILED TO CAUSE A COPY OF HIS ADVICE TO THE CONVENING AUTHORITY TO BE SERVED ON APPELLANT.

IV. THE CONVENING AUTHORITY ERRED IN NOT INDICATING IN HIS ACTION, AND CONSIDERING, THE RESULTS OF ALL COMPANION CASES HERETO.
V. THE STAFF JUDGE ADVOCATE FAILED TO PROPERLY ADVISE THE CONVENING AUTHORITY REGARDING THE RESULTS OF TRIAL.
VI. APPELLANT HAS BEEN DENIED EFFECTIVE POST–TRIAL REPRESENTATION.

must inquire into the factual basis for the plea. Rule for Courts–Martial (R.C.M.) 910(c), (e), Manual for Courts–Martial (MCM), United States, 1984; *United States v. Care*, 18 C.M.A. 535, 40 C.M.R. 247 (1969). For these purposes, the elements of the offenses should be described to the accused and the accused must admit their truth. R.C.M. 910(c)(1), (e) Discussion. Inconsistencies and apparent defenses must be resolved or the guilty pleas must be rejected by the military judge. *United States v. Jemmings*, 1 M.J. 414 (C.M.A. 1976); *United States v. Jackson*, 23 M.J. 650, 652 (N.M.C.M.R.1986), *petition denied*, 24 M.J. 405 (C.M.A.1987). The military judge is not required "to embark on a mindless fishing expedition to ferret out or negate all possible defenses or inconsistencies." *Jackson*, 23 M.J. at 652. Rather, the military judge is required to deal with potential issues raised in the providence inquiry or during the trial that indicate an inconsistency or a defense. *Id.* When the accused's responses reasonably raise the question of a defense, the military judge must make a more searching inquiry. *United States v. Timmins*, 21 C.M.A. 475, 45 C.M.R. 249, 253 (1972). In short, a provident plea of guilty is one that is knowingly, intelligently and consciously entered and is factually accurate and legally consistent. *United States v. Sanders*, 33 M.J. 1026 (N.M.C.M.R.1991).

■ A Court of Military Review may not set aside a finding of guilty or the sentence on the basis of an error unless the error is materially prejudicial to the substantial rights of the appellant. Article 59(a), UCMJ, 10 U.S.C. § 859(a). Claims of error concerning findings based on guilty pleas can generally be articulated as follows: (1) something was omitted in the guilty plea inquiry, such as an advisement or a particular question, or (2) the accused set up 'matter that is legally or factually inconsistent with the plea of guilty. If the claim of error concerns the former, that is, an advisement or the scope of the questioning, a Court of Military Review will examine the entire record to ascertain whether the accused was adequately advised and his admissions reasonably support a conclusion that the plea is factually accurate. *See United States v. Jones*, 34 M.J. 270 (C.M.A. 1992); *United States v. Walker*, 34 M.J. 264 (C.M.A.1992); *United States v. Crouch*, 11 M.J. 128 (C.M.A.1981). As to the latter claim, the record must contain some reasonable ground for finding an inconsistency between the plea and the accused's statements, and reversal will not follow from the mere possibility of a conflict. *United States v. Logan*, 22 C.M.A. 349, 351, 47 C.M.R. 1, 3 (1973); *United States v. Logan*, 31 M.J. 910, 913 (A.F.C.M.R.1990); *United States v. Tichy*, 50 C.M.R. 526, 529 (N.C.M.R.1975). "The bottom line ... is that rejection of the plea requires that the record of trial show a 'substantial basis' in law and fact for questioning the guilty plea." *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991). We must, therefore, examine the record of trial and the applicable law to determine whether a substantial basis for questioning the appellant's guilty pleas exists.

■ Based on the matters admitted by the appellant during his court-martial, it appears that on the evening of 16 February 1991, he and a confederate unlawfully entered a Marine Corps Exchange with the intent to steal. Once inside, appellant removed items from shelves and placed them in a laundry bag. Fearing detection, the appellant ran from the exchange and left the items behind.[2] He was apprehended outside by a non-commissioned officer, but broke away. Later, he threatened to hurt a female civilian and shoot out the windows of her house if she did not provide the appellant an alibi. The appellant presented a hand gun to demonstrate to the civilian the seriousness of his threat. Finally, the appellant falsely stated to a criminal investigator that he was at the civilian's residence at the time of the break-in.

■ The appellant now contends that his pleas to the offenses of escape from custody and making a false official state-

---

**2.** Removal of the items from the shelves with intent to steal them constituted larceny. *United States v. Tamas*, 6 U.S.C.M.A. 502, 20 C.M.R. 218, 224 (1955); MCM, Part IV, ¶ 46c(1)(b).

ment are improvident and should be set aside. As to the former, he contends that nothing in the record indicates that appellant was clearly notified that he was under apprehension or placed in custody. One of the elements of the offense is that a certain person apprehended the accused. MCM, Part IV, ¶ 19b(3)(a). "An apprehension is made by clearly notifying the person to be apprehended that the person is in custody. This notice should be given orally or in writing, but it *may be implied from the circumstances.*" R.C.M. 302(d)(1) (emphasis added). Therefore, a guilty plea to the offense of escape from custody is provident if the appellant admits that under the circumstances he understood he had been taken into custody. The appellant admitted as much six times to the military judge during the inquiry into the providence of his guilty plea. Record at 26–28. Moreover, the appellant informed the military judge that the apprehending NCO told the appellant to stop and "to come with me." Record at 26–27. We also note that the military judge carefully inquired as to whether the appellant ever actually submitted to the custody of the apprehending NCO. Record at 27. The appellant informed the military judge that he did stop and did consider himself to be in the custody of the NCO before he bolted.[3]

The appellant pled guilty to making a false official statement to a Staff Sergeant Cannon of the Criminal Investigation Department, in violation of Article 107, UCMJ. The statement concerned the housebreaking and larceny at the post exchange. In that statement, the appellant provided a false alibi. Record at 36–37. The military judge did not inquire whether the making of this false statement was preceded by an advisement of rights under Article 31(b), UCMJ, 10 U.S.C. § 831(b), nor did he inquire whether the appellant was an accused or a suspect at the time he made the statement. The appellant implicitly asserts that he was a suspect and that the statement he made was not an official one within the meaning of Article 107, citing MCM, Part IV, ¶ 31c(6)(a). MCM, Part IV, ¶ 31c(6)(a) provides that "[a] statement by an accused or suspect during an interrogation is not an official statement within the meaning of [Article 107] if that person did not have an independent duty or obligation to speak."

Appellant further cites *Prater,* wherein the Court of Military Appeals held:

> [W]here warnings under Article 31 are given to the criminal suspect ... his duty to respond truthfully to criminal investigators, if he responds at all, is now sufficient to impute officiality to his statements for all purposes of Article 107.

32 M.J. at 438. The appellant, therefore, contends that because the military judge did not ascertain whether the appellant's statement had been preceded by an Article 31(b) advisement, the subsequent lie to criminal investigators was not an official statement under Article 107.

 The appellant, however, ignores the Court of Military Appeal's statement immediately preceding the quoted excerpt, wherein it holds that "statements to criminal investigators can now be considered official for purposes of Article 107." *Id.* (citing *United States v. Jackson,* 26 M.J. 377 (C.M.A.1988)). "Thus, even if not sub-

---

3. We do not hold that an accused's assent to a legal conclusion, however unsupported by the facts, is sufficient for a provident plea. The action of this appellant in stopping momentarily was ambiguous: If he intended it as a submission to the apprehension, it could result in a status of custody, so that an escape from custody would then be possible. Conversely, if his intent in stopping momentarily was merely to gauge the proximity and speed of his pursuer before continuing his flight, custody would not have been achieved, and it would be of no avail for sustaining the plea that the accused should state in a providence inquiry that *he* considered his stopping for such purpose legally equivalent to being taken into custody.

Although the ambiguity in this case may not be resolved by the appellant's assent to a legal conclusion, it may be resolved by a statement from the appellant as to what he intended at the time of his action, because submission involves a state of mind. The appellant's responses indicate that he did intend his stopping as a submission to an apprehension, and the nature of the action is not inconsistent with that intent. As such, it resulted in a status of custody, however brief, sufficient to support a charge of escape from custody.

ject to an independent 'duty to account,' a service member who lies to a law enforcement agent [including a base criminal investigator or a Naval Investigative Service Agent] conducting an investigation as a part of his duties has violated Article 107." *Jackson,* 26 M.J. at 379 (brackets added). Simply put, MCM, Part IV, ¶ 31c(6)(a) is no longer an accurate statement of law, at least insofar as it would apply to statements made to law enforcement agents conducting official investigations. Appellant's statement was to a criminal investigator about a matter obviously under official investigation and, therefore, qualified as an official statement without the military judge's inquiring as to whether the statement had been preceded by an Article 31(b), UCMJ warning.[4]

Finding nothing in the record that shows a substantial basis in law or fact to question the appellant's guilty pleas, we will not reject them.

*Staff Judge Advocate's Recommendation*

In his next assignment of error the appellant claims the staff judge advocate (SJA) failed to serve the appellant with a copy of his post-trial recommendation to the convening authority. The appellant urges the Court to return the record to the convening authority for another convening authority's action.

Before a convening authority may take action on a record of trial by special court-martial which includes a sentence to a bad-conduct discharge, the convening authority's staff judge advocate or legal officer must forward to the convening authority his recommendation on the case. R.C.M. 1106(a). Before the SJA/legal officer's recommendation is forwarded to the convening authority, the SJA/legal officer must cause a copy of the recommendation to be served on counsel for the accused. R.C.M. 1106(f).

A separate copy will be served on the accused. If it is impracticable to serve the recommendation on the accused for reasons including but not limited to the transfer of the accused to a distant place, the unauthorized absence of the accused, or military exigency, or if the accused so requests on the record at the court-martial or in writing, the accused's copy shall be forwarded to the accused's defense counsel. A statement shall be attached to the record explaining why the accused was not served personally.

*Id.* The method of service and the form of the proof of service are not prescribed and may be by any appropriate means. R.C.M. 1106(f)(1) Discussion. The convening authority may take action following the expiration of various periods of time after service. R.C.M. 1105(c), (d), 1107(b)(2).

The record reflects that appellant requested that he be served his own copy of the SJA's recommendation. Record at 49. The SJA's recommendation was prepared on 24 July 1991. Trial defense counsel was served a copy of the recommendation on the same day. There is nothing in the record of trial, however, to indicate whether the SJA's recommendation was ever served on the appellant. Nor is there any statement in the record to explain why the recommendation was not served on him. However, "absence of a receipt for the post-trial recommendation does not establish a failure to comply with Rule for Court–Martial 1106(f)(1), because affirmative proof is not required." *United States v. Diaz–Carrero,* 31 M.J. 920, 921 (A.C.M.R.1990), *petition denied,* 32 M.J. 484 (C.M.A.1991). Assuming the appellant was not served with a copy of the SJA's

---

4. As the record stands, we find no inconsistency between the appellant's pleas and his statements to the military judge, and we find the plea providency inquiry otherwise adequate. Therefore, we need not be concerned whether we might resort to the pretrial investigation (Art. 32, UCMJ, 10 U.S.C. § 832) to resolve whether the appellant was apprised of his Article 31(b) rights prior to his statement. See *United States v. Davenport,* 9 M.J. 364 (C.M.A.1980). How-

ever, were we to utilize the pretrial investigation, we would find testimony reflecting the statement made to Staff Sergeant Cannon was made after the appellant was suspected of committing the break-in and after the appellant was informed of his rights as a suspect. Investigation at 4–7; Investigating Officer's Exhibit III. Accordingly, were these matters considered, the providency of his guilty pleas would be further confirmed.

recommendation, the erroneous omission of this procedure will not mandate a new convening authority's action in the absence of prejudice to the accused. *See United States v. Pena*, 22 M.J. 281 (C.M.A.1986), *cert. denied*, 479 U.S. 1030, 107 S.Ct. 875, 93 L.Ed.2d 829 (1987); *United States v. Smart*, 21 M.J. 15 (C.M.A.1985); *United States v. Barnette*, 21 M.J. 749 (N.M.C.M.R.1985); *United States v. Skaar*, 20 M.J. 836 (N.M.C.M.R.1985).

The appellant makes no colorable claim that he was prejudiced by any omission in the service of the SJA's recommendation upon him. For example, he does not suggest to us that a failure in service frustrated his timely submission of post-trial matter in accordance with R.C.M. 1105.[5] R.C.M. 1105(b), (c). Trial defense counsel and the appellant submitted post-trial clemency matters. Two submissions preceded the SJA's recommendation. One followed it. The convening authority explicitly referred to two of the three submissions in his action on the sentence. Nor does the appellant detail any erroneous adverse matter included in the SJA's recommendation from outside the record. See *United States v. Cassell*, 33 M.J. 448 (C.M.A.1991); R.C.M. 1106(f)(4), 1107(b)(3)(B)(iii). We do not condone the SJA's failure to ensure service of his recommendation on the appellant was accomplished and documented in the record of trial. However, we perceive no fair risk of prejudice to the appellant resulted from an omission in this procedural step under the circumstances, and we perceive no benefit to be gained by requiring the convening authority to take a second action in the appellant's case.[6]

▆▆ Post-trial processing of courts-martial continues to be the basis for a significant number of claims of error. We have on numerous occasions called for greater attention to detail in this respect. See

*United States v. Smith*, 34 M.J. 894, 898 (N.M.C.M.R.1992). In some instances it is not clear whether the claim of error is that one of the parties actually was not served with a post-trial document or that there was simply no proof of service in the record. In the future, assignments of error of this nature will not be seriously entertained unless there is an affirmative statement in the post-trial pleadings or a post-trial affidavit: (1) stating that the party did not *in fact* receive the document, and (2) demonstrating how the party was specifically prejudiced by the omitted service. If the claim involves the inability to submit matters for consideration, the content of the matters that would have been submitted must be detailed.

### Companion Cases?

▆▆ Next the appellant contends the convening authority erred by failing to note in his action all companion cases. The Manual of the Judge Advocate General of the Navy (JAGMAN) provides: "In court-martial cases where the separate trial of a companion case is ordered, the convening authority shall so indicate in his action on the record in each case." JAGMAN § 0151a(2). In this case the convening authority *did* note the existence of the companion case of the appellant's coconspirator. Appellant, however, claims there was another companion case the convening authority did not note.

After trial, appellant apparently cooperated with the Government. On 27 June 1991, trial counsel submitted a letter to the convening authority inviting his attention to the appellant's assistance. That letter is attached to the record of trial. In the letter, trial counsel states that the appellant submitted to a post-trial interview concerning the alleged misconduct of "two other co-accused involved in or after the

---

**5.** The mere assertion of such would also be insufficient. The appellant would have to detail what relevant R.C.M. 1105 matters would otherwise have been submitted.

**6.** In *United States v. Horne*, 33 M.J. 575 (N.M.C.M.R.1991) we returned a record for a new convening authority's action because the accused's request that service of the SJA's rec-

ommendation be made upon him personally was not honored. Instead, service had been by trial counsel's paralegal who both made *and* accepted service. That process was an obvious sham. We continue to disapprove of the practice utilized in *Horne* Today, we simply apply the *Skaar* test for prejudice.

break-in...." One of the two named co-accused was the appellant's co-conspirator. He is noted in the convening authority's action. The other person is not named in the convening authority's action and the record of trial makes no mention of him. The appellant does not indicate whether the individual not mentioned in the convening authority's action ever had any charges referred to trial.

JAGMAN § 0151a(2) does not require the convening authority's action to note all persons who may have been suspects or accused—only *companion cases* in which a separate *trial is ordered.* We do not know the extent of the other individual's involvement. For all we know, the other individual was never ordered to stand trial. Under the circumstances, it appears to us the convening authority faithfully adhered to JAGMAN § 0151a(2). Most importantly, the appellant again fails to demonstrate how such an omission would prejudice him. Accordingly, we will not order a new convening authority's action.

*Content of the SJA's Recommendation*

 Appellant also contends the SJA misinformed the convening authority as to the results of trial, and therefore, the record should be returned for a corrected SJA's recommendation and a new convening authority's action. The appellant specifically claims that the SJA misinformed the convening authority by failing to inform him that the military judge had treated two specifications alleging obstruction of justice as multiplicious for sentencing purposes.

Rulings as to multiplicity for sentencing purposes are optional, not required, contents of the SJA's recommendation. *United States v. Brown,* 21 M.J. 780 (A.C.M.R. 1986); R.C.M. 1106(d)(3), (5). In his comments on the SJA's recommendation, trial defense counsel did not assert the recommendation was deficient in this respect. R.C.M. 1106(f)(4). Therefore, any claim of error has been waived in the absence of plain error. *Brown,* 21 M.J. at 781; R.C.M. 1106(f)(6). No error, much less plain error, has been committed in this regard.

*Brown,* 21 M.J. at 782. *See also United States v. Lowry,* 33 M.J. 1035 (N.M.C.M.R. 1991).

*Effective Assistance of Counsel*

Finally, appellant claims he was denied effective post-trial assistance of counsel. Given the post-trial activity of trial defense counsel on appellant's behalf, we find this claim of error to be utterly without merit. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Polk,* 32 M.J. 150 (C.M.A. 1991). *See also Lowry,* 33 M.J. at 1039.

The findings and sentence, as approved on review below, are affirmed.

Senior Judge FREYER and Judge HOLDER concur.