*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HITESMAN, GASTON, and STEWART
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Kevin M. ROBINSON**
Private First Class (E-2), U.S. Marine Corps
Appellant

**No. 201800297**

Decided: 16 April 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
John. L. Ferriter (arraignment)
Mark D. Sameit (trial)

Sentence adjudged 20 June 2018 by a general court-martial convened at Marine Corps Air Ground Combat Center, Twentynine Palms, California, consisting of a military judge sitting alone. Sentence approved by the convening authority: confinement for 10 years, reduction to pay grade E-1, forfeiture of all pay and allowances, and a dishonorable discharge.

For Appellant:
*Commander Robert D. Evans, Jr., JAGC, USN*

For Appellee:
*Major Kelli A. O'Neil, USMC*
*Lieutenant Commander Timothy C. Ceder, JAGC, USN*

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under NMCCA
Rule of Appellate Procedure 30.2.**

—————————————————

HITESMAN, Senior Judge:

Appellant was convicted, pursuant to his pleas, of two specifications of attempted distribution of child pornography; one specification each of viewing, possessing, and distributing child pornography; one specification of soliciting the production of child pornography; one specification of soliciting the distribution of child pornography; and one specification of communicating indecent language, in violation of Articles 80 and 134, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 880, 934 (2012).

Appellant raises two assignments of error [AOE]: (1) his case should be remanded for new post-trial processing because a copy of the record of trial was served on his defense counsel, rather than on Appellant as he requested; and (2) the record does not show that the charges were properly referred to a general court-martial.

By order of this Court, the Government produced the referral pages of the charge sheets and the General Court-Martial Convening Order [GCMCO] to which the charges were referred. We granted the Government's motion to attach the documents to the record, thus mooting Appellant's second AOE.

With regard to Appellant's remaining AOE, we find no prejudicial error and affirm.

## I. BACKGROUND

Defense counsel advised Appellant in writing of his post-trial rights, and Appellant specifically requested that a copy of the authenticated record of trial be served only on him. Prior to deliberating on a sentence, the military judge discussed this request with Appellant as follows:

> MJ: In paragraph, 8(a) and 9(a) it indicates you want the copy of the record of trial sent to you as well as a copy of the SJAR sent to you; is that correct?
>
> ACC: Yes, Sir.
>
> MJ: And those are your initials next to those paragraphs?
>
> ACC: They are.
>
> MJ: You want it to go to you and not your defense counsel?

ACC: My defense counsel will be EAS'ing shortly, sir.

MJ: Okay. But you obviously have two defense counsel in this case. Do you still want it going to you as opposed to [defense counsel]?

ACC: Yes, sir.[1]

On 10 August 2018, the Legal Services Support Section – West [LSSS-W] Regional Review Clerk sent notice to Appellant's defense counsel that he had "uploaded the Record of Trial (ROT) and Record of Trial Receipt in the case of PFC Robinson via [a secured delivery application] for your records."[2] Sometime later, in an undated affidavit, the LSSS-W Regional Review Officer acknowledged that Appellant "requested that a copy of the Record of Trial (ROT) be served to the accused."[3] However, his affidavit also attested to the following:

> The accused was served through his defense counsel, however, the accused did not respond or return the Record of Trial receipt to the Defense Counsel. For service of post-trial documents, the defense counsel provided [his] email address . . . The defense counsel was served a copy of the (ROT) on 10 August 2018 . . . After being served, the Defense Counsel did not respond or return the Record of Trial receipt.[4]

Appellant was confined at the Naval Consolidated Brig on Marine Corps Air Station [MCAS] Miramar, which is located less than 40 miles from the LSSS-W Regional Review Office on Marine Corps Base Camp Pendleton. Appellant's defense counsel was located at Marine Corps Air Ground Combat Center, Twentynine Palms, California, over 100 miles away from both Camp Pendleton and MCAS Miramar. Finally, the convening authority [CA] and staff judge advocate [SJA] were located at Marine Corps Base Quantico, Virginia.

On 22 August 2018, Appellant's detailed defense counsel submitted a request for clemency pursuant to Rule for Courts-Martial [R.C.M.] 1105. On 6 September 2018, the Staff Judge Advocate's Recommendation [SJAR] was

---

[1] Record at 188.

[2] Record, LSSS-W Regional Review Clerk email "ROT and ROT Rcpt ICO Robinson" of 10 Aug 18.

[3] Record, Affidavit of LSSS-W Regional Review Officer, undated.

[4] *Id.*

independently served on Appellant's defense counsel and on Appellant. Appellant's defense counsel acknowledged receipt and noted that matters were submitted on 22 August 2018. Appellant also acknowledged receipt of the SJAR and waived submission of R.C.M. 1105 and 1106 matters. The record is unclear as to whether Appellant was aware that his defense counsel had already submitted a clemency request.

Additional facts necessary to the resolution of the assignments of error are included in the discussion.

## II. DISCUSSION

Appellant contends that he is entitled to new post-trial processing because the Government knowingly failed to serve a copy of the record of trial on him. While we find error in the Government's post-trial processing, we do not find that the error prejudiced the substantial rights of Appellant.

Proper execution of post-trial processing is a question of law, reviewed de novo. *See United States v. Bush*, 68 M.J. 96, 102 (C.A.A.F. 2009) (reviewing de novo for unreasonable post-trial delay de novo); *see also United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000) (reviewing de novo whether SJA's erroneous recommendation to convening authority amounted to plain error). "Where there is error in post-trial processing and 'some colorable showing of possible prejudice' thereby, this court must either provide meaningful relief or remand for new post-trial processing." *United States v. Roller*, 75 M.J. 659, 661 (N-M. Ct. Crim. App. 2016) (quoting *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)). "First, an appellant must allege the error at the Court of Criminal Appeals. Second, an appellant must allege prejudice as a result of the error. Third, an appellant must show what he would do to resolve the error if given such an opportunity." *Wheelus*, 49 M.J. at 288.

This Court has long held that when an accused specifically asks that his copy of the record be sent to him and not to his defense counsel, service to his defense counsel is not authorized. *United States v. Horne*, 33 M.J. 575, 576 (N.M.C.M.R. 1991). In this case, the LSSS-W Regional Review leadership demonstrated an unusual level of disregard for the post-trial review process by issuing an undated, internally inconsistent affidavit that admits serving the record on someone Appellant specifically requested that it not be served on, and the Review Officer did not even know if that (wrong) person received it because nobody acknowledged receipt for it. The record contains no statement explaining why Appellant was not personally served and we find no evidence that it was impracticable to do so. Given the close proximity of Appellant's place of confinement to the LSSS-W Regional Review Office, the lack of justification for not serving the record of trial on him, and the fact that the SJA was able to serve the SJAR on Appellant and his defense counsel from

Virginia, we find that the Government's failure to serve the record of trial on Appellant was error.

Despite the error, Appellant is not entitled to relief simply because he was not served with the record in accordance with his election. "[B]ecause clemency is a highly discretionary [e]xecutive function, there is material prejudice to the substantial rights of an appellant if there is an error and the appellant 'makes a colorable showing of possible prejudice.'" *Wheelus*, 49 M.J. at 289 (quoting *United States v. Chatman*, 46 M.J. 321, 323-24 (C.A.A.F. 1997)).

In *Wheelus*, the Court of Appeals for the Armed Forces [CAAF] held that the appellant was not entitled to relief where he claimed that the Government's untimely service of the record prejudiced his ability to submit a clemency request. *Id.* at 289. While service of the record was inadequate, the Court noted that the trial defense counsel submitted matters for Sergeant Wheelus and (1) trial defense counsel did not complain that he had not been served with the record, (2) there was no evidence in the record to show that the trial defense counsel did not actually receive the record of trial prior to preparing Sergeant Wheelus' clemency request, and (3) there was evidence that the Government eventually sent Sergeant Wheelus the record of trial. The CAAF found no merit in Sergeant Wheelus' claim that the Government's failure to serve him with the record hindered his ability to prepare clemency matters.

Here, as in *Wheelus*, there is no evidence in the record that Appellant or his defense counsel did not actually receive the record of trial. While defense counsel submitted a clemency request on 22 August 2018, there is no evidence indicating whether he did or did not consult with Appellant or review the record of trial with him prior to submitting that request. We also note that the request itself asks for clemency that the CA could not lawfully grant. Appellant's defense counsel asked the CA to suspend confinement in excess of five years. It is well established that under Article 60(c)(4), UCMJ, a CA may not "disapprove, commute, or suspend in whole or in part an adjudged sentence of confinement for more than six months or a sentence of dismissal, dishonorable discharge, or bad conduct discharge" unless the trial counsel recommends so in recognition of the appellant's "substantial assistance" or pursuant to the terms of the pretrial agreement. As neither exception applies in this case, the CA could not legally grant the requested relief. *See United States v. Kruse*, 75 M.J. 971, 975 (N-M. Ct. Crim. App. 2016) (holding a CA's action purporting to disapprove a bad-conduct discharge where no legal basis to do so existed to be ultra vires).

Nevertheless, Appellant has not articulated any specific prejudice that resulted from the erroneous request and has not submitted any evidence indicating how his trial defense counsel's clemency submission contrasted with

his wishes. *See United States v. Pierce*, 40 M.J. 149, 151 (C.M.A. 1994) (finding that "vague or general intimations" with regards to what the appellant would have submitted to the CA are insufficient to show prejudice). While the CA had some limited discretion to defer and modify Appellant's reduction in grade and forfeitures, Appellant submitted no evidence that he desired any such relief or, alternatively, that he was improperly advised regarding any such potential clemency. Finally, the SJAR was independently served upon and acknowledged by both Appellant and his defense counsel. Neither complained that they had not been served with the record of trial, neither asked for the record of trial, neither requested an extension, and both initialed the block stating that they had no R.C.M. 1105 and 1106 matters to submit. Moreover, Appellant's defense counsel noted that he had already submitted R.C.M. 1105 matters.

Finally, Appellant does not contend that he would have done something different had he been served with the record. The most he could have done is (1) identify the missing referral pages and court-martial convening order, and (2) request proper clemency from the CA. The former has been remedied by order of this Court. The latter would not have produced anything more favorable from the CA. The SJA advised the CA that he could not grant the requested clemency pursuant to Article 60, UCMJ, but that he could grant other clemency, including certain modifications and deferment. After considering Appellant's request, the record of trial, and the advice of his SJA, the CA declined to grant any clemency at all. Accordingly, we conclude that there has not been a colorable showing of possible prejudice and Appellant's claim is without merit.

### III. CONCLUSION

The findings and sentence are correct in law and fact and no error materially prejudicial to Appellant's substantial rights occurred. Arts. 59, 66, UCMJ. The findings and sentence are **AFFIRMED**.

Judges GASTON and STEWART concur.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court