UNITED STATES, Appellee

v.

Manuela Del Carmen SCOTT, Senior Airman
U.S. Air Force, Appellant

No. 07-0597

Crim. App. No. 36514

United States Court of Appeals for the Armed Forces

Argued December 10, 2007

Decided February 13, 2008

RYAN, J., delivered the opinion of the Court, in which EFFRON, C.J., and BAKER, ERDMANN, and STUCKY, JJ., joined.

Counsel

For Appellant:  Captain Anthony D. Ortiz (argued); Lieutenant Colonel Mark R. Strickland (on brief).

For Appellee:  Captain Nicole Wishart (argued); Colonel Gerald R. Bruce, Colonel George F. May, and Major Matthew S. Ward (on brief).

Military Judge:  William A. Kurlander

**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

Judge RYAN delivered the opinion of the Court.

Appellant was convicted at a general court-martial, pursuant to her pleas, of one specification of conspiracy and one specification of wrongful possession of cocaine with intent to distribute, in violation of Articles 81 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 912a (2000). Contrary to her pleas, a panel of officers convicted Appellant of one specification of using her employment to gain access to Air Force records that contained individually identifiable information, which Appellant willfully disclosed and offered for sale, in violation of Article 134, UCMJ, 10 U.S.C. § 934 (2000). The panel sentenced Appellant to a dishonorable discharge, confinement for five years, forfeiture of all pay and allowances, a fine of $4,000.00, and reduction to E-1. The convening authority approved the adjudged sentence. The Air Force Court of Criminal Appeals (CCA) affirmed the findings, but found Appellant's sentence inappropriately severe, reassessed it, and reduced confinement to four years. United States v. Del Carmen Scott, No. ACM 36514, 2007 CCA LEXIS 131, at *4, 2007 WL 1052498, at *2 (A.F. Ct. Crim. App. March 28, 2007) (unpublished).

We granted Appellant's petition on the following issue:

WHETHER THE ADDENDUM TO THE STAFF JUDGE ADVOCATE'S RECOMMENDATION CONTAINS "NEW MATTER" NOT PROVIDED TO

DEFENSE COUNSEL FOR COMMENT, NECESSITATING A NEW CONVENING AUTHORITY ACTION IN THIS CASE.[1]

## I. Factual Background

Appellant was a participant in what she thought was a cocaine trafficking ring. It was actually an undercover sting operation conducted by the Federal Bureau of Investigation involving several servicemembers.

After Appellant was convicted, the acting staff judge advocate prepared a post-trial recommendation (SJAR) for the convening authority, which was properly served on defense counsel. In response, trial defense counsel submitted a clemency request to the convening authority on behalf of Appellant. The clemency request asserted, among other things, that many of the officer members likely knew that Appellant was the first Airman to be tried for offenses related to the sting operation. It further asserted that the members may have given an overly harsh sentence to Appellant "so as not to set a precedent of lenience knowing other cases would follow."

By this time, the acting staff judge advocate had been replaced by a new staff judge advocate (SJA). The SJA supplemented the recommendation to the Convening Authority in an Addendum to the SJAR (Addendum), which addressed Appellant's

---

[1] 65 M.J. 321 (C.A.A.F. 2007).

request for clemency.  The Addendum addressed the

appropriateness of Appellant's sentence as follows:

> 3. c. The Defense's "purpose of sentencing" position
> largely questions the utility of the length of confinement
> as it pertains to the rehabilitation of SrA Scott.  SrA
> Scott did present a lot of character letters attesting to
> her great rehabilitative potential.  However, the facts of
> this case fully support the adjudged sentence.  SrA Scott
> was found guilty of conspiring to and wrongful possession
> of cocaine with the intent to distribute, which carried a
> maximum sentence of confinement for 30 years.  The sentence
> was adjudged by a panel of officer members who, after
> having the benefit of personally hearing all of the
> evidence in her case, determined that 5 years of
> confinement was appropriate given the circumstances.
>
> 4. Undoubtedly this is a very unfortunate case for SrA
> Scott, her family, friends, and the Air Force.  The
> clemency request highlights an Airman that had great
> promise in the Air Force.  In the end, the members
> themselves had an opportunity to hear all of the evidence
> presented in this case.  In fact, prior to reaching its
> sentence, SrA Scott personally spoke to the panel.  After
> hearing all the evidence, the panel sentenced her to 5
> years of confinement, a dishonorable discharge, reduction
> to E-1, total forfeitures, and $4,000 fine.  Based upon the
> severity of her crimes and the above comments, I recommend
> that you approve the findings and the sentence as adjudged.

(emphasis added).

The SJA did not serve the Addendum on Appellant or her

counsel.  The SJA submitted the Addendum, along with the

original SJAR and Appellant's clemency submission, to the

convening authority.  The convening authority did not grant

Appellant clemency.

At the CCA, Appellant asserted that the above excerpted

statements in the Addendum were "new matter" that should have

4

been served on the defense as required by Rule for Courts-Martial (R.C.M.) 1106(f)(7).  The Court of Criminal Appeals rejected Appellant's argument and held that the Addendum did not contain new matter.  2007 CCA LEXIS 131, at *4, 2007 WL 1052498, at *1.  We agree.

## II.  Discussion

Whether matters contained in an addendum to the SJAR constitute "new matter" that must be served upon an accused is a question of law that is reviewed de novo.  United States v. Chatman, 46 M.J. 321, 323 (C.A.A.F. 1997).

The initial SJAR must be served upon trial defense counsel and the defendant.  R.C.M. 1106(f)(1).  Defense counsel may then submit comments on the SJAR.  R.C.M. 1106(f)(4).  In turn, the SJA has the opportunity to supplement the SJAR in the form of an addendum SJAR.  R.C.M. 1106(f)(7).  If the addendum contains "new matter" it must be served on "the accused and counsel for the accused."[2]  Id.

"New matter" is not defined in the Manual for Courts-Martial.  And this Court has not provided a comprehensive definition of "new matter."  United States v. Frederickson, 63 M.J. 55, 56 (C.A.A.F. 2006) (citing United States v. Catalani,

---

[2] Nothing precludes this supplement from being served on accused and counsel, even when it does not contain new matter.  Such transparency may preclude appeals such as the one in this case.

46 M.J. 325, 326 (C.A.A.F. 1997)). But we are not without

guidance. The Discussion to R.C.M. 1106(f)(7) provides that:

> "New matter" includes discussion of the effect of new
> decisions on issues in the case, matter from outside
> the record of trial, and issues not previously
> discussed. "New matter" does not ordinarily include
> any discussion by the staff judge advocate or legal
> officer of the correctness of the initial defense
> comments on the recommendation.

While recognizing that the Discussion is non-binding, this

Court has nonetheless cited with approval its illustrations of

what is and is not a new matter. See United States v. Buller,

46 M.J. 467, 468 (C.A.A.F. 1997) (citing cases). Appellant's

case falls within the latter category.

Appellant complains that the Addendum contained new matter

insofar as it stated that the members had the benefit of

personally hearing the evidence and determined that the sentence

was appropriate. We disagree. It was not news, and thus not

new matter, to note that the members had determined that five

years of confinement was appropriate after hearing all of the

evidence in the case.

The specific points raised in the Addendum that Appellant

complains of were not comments on "the effect of new decisions

on issues in the case, matter from outside the record of trial,

[or] issues not previously discussed." Buller, 46 M.J. at 468

(quoting R.C.M. 1106(f)(7) Discussion). Nor were the statements

in question news to the convening authority, who presumptively

knew that members heard the case, as he referred the case and detailed members to it via his convening order.  See United States v. Key, 57 M.J. 246, 248 (C.A.A.F. 2002) (reasoning that a "statement of the obvious" does not constitute new matter).

Appellant nonetheless argues that the Addendum contained "new matter" because it invited the convening authority to defer to the members because they had already heard the evidence in Appellant's case and were not persuaded that a lower sentence was appropriate.  We reject this interpretation of the facts.  Being told that members arrived at the sentence after hearing all the evidence hardly invites the convening authority to shirk his duty to take action pursuant to R.C.M. 1107.

Appellant's reliance on Catalani, 46 M.J. at 326, and United States v. Gilbreath, 57 M.J. 57, 61 (C.A.A.F. 2002), for the proposition that "new matter" sweeps so broadly as to include this case, is misplaced.  The convening authority is presumed to know the difference between clemency materials and evidence adduced at trial.  See United States v. Wise, 6 C.M.A. 472, 478, 20 C.M.R. 188, 194 (1955) (applying a "presumption of regularity" to the convening authority's actions).  In Catalani, this Court found that the SJAR addendum contained "new matter" both because the SJA erroneously stated that "[a]ll of the matters submitted for your consideration in extenuation and mitigation were offered by the defense at trial[,]" when in fact

most of the clemency materials were developed after the trial, and because the addendum to the SJAR improperly tried to bolster the SJA recommendation by alluding to the fact that the case had been heard by the "seniormost [sic] military judge in the Pacific." 46 M.J. at 327-28. There is no such factual error or bolstering in the Addendum in this case.

The present case is similarly distinguishable from Gilbreath. The SJAR Addendum at issue in Gilbreath was founded on a fallacy –- that the accused was sentenced by members. In fact, the accused was sentenced by the military judge. Gilbreath, 57 M.J. at 61. The error in the SJAR addendum was dispositive of the R.C.M. 1106(f)(7) issue in that case. Here, unlike in Gilbreath, there is not an incorrect characterization of who conducted sentencing.

Of course, Gilbreath also stated that the "logical import" of the SJAR addendum's statement that "after hearing all matters, the jury determined a bad conduct discharge was appropriate" was that the fictional members had already considered the clemency materials that were before the convening authority. Gilbreath, 57 M.J. at 61 (emphasis removed). Understandably, Appellant relies on this language and other dicta in Gilbreath regarding whether the SJAR addendum in that case might have been "construed as suggesting that the convening

8

authority not provide [an] independent and fresh look" at the clemency materials because the members had reviewed them. <u>Id.</u> But that language was unnecessary to the holding in that case -- there were no members -- and does not control the outcome in this case. <u>See</u> <u>Gilbreath</u>, 57 M.J. at 62 (Baker, J., concurring in the result) (noting that the case turned only on whether "'appellant should have had an opportunity to . . . respond to and correct the misleading information'") (quoting <u>Catalani</u>, 46 M.J. at 330); <u>see</u> <u>also</u> <u>Alexander v. Baltimore Ins. Co.</u>, 8 U.S. 370, 379 (1808) (cautioning against relying on statements not central to the holding of a case).

It bears repeating, <u>Gilbreath</u> was decided based on the addendum SJAR's incorrect assertion. <u>See</u> <u>Gilbreath</u>, 57 M.J. at 61 (noting "there was no 'jury'"). Here, where the issue is squarely presented for decision, we clarify that an addendum accurately referencing the fact that the court-martial heard evidence before imposing a sentence, without more, does not constitute new matter.[3]

The SJA's Addendum stated nothing new and the information contained therein was not "erroneous, inadequate, or

---

[3] While we do not disagree that an addendum that actually invited the convening authority to abdicate his duties because the trier of fact had reviewed all clemency materials, whether true or not, would be new matter within the meaning of R.C.M. 1106(f)(7), <u>see</u> <u>Catalani</u>, 46 M.J. at 328, the language at issue in this case falls short of that mark.

misleading." Buller, 46 M.J. at 468 (quotation marks omitted). Instead, it merely stated an obvious fact in the course of advising the convening authority on the "correctness of the initial defense comments on the recommendation." R.C.M. 1106(f)(7) Discussion. We decline to extend R.C.M. 1106(f)(7) to encompass such statements.

### III. Decision

The decision of the United States Air Force Court of Criminal Appeals is affirmed.