UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 GALLUP, CHIARELLA, and MAGGS
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E1 AMANDA K. PATTERSON
 United States Army, Appellant

 ARMY 20061074

 U.S. Army Air Defense Artillery Center and Fort Bliss
 Jeffrey Nance, Military Judge
 Colonel Randy T. Kirkvold, Staff Judge Advocate

For Appellant: Colonel Christopher J. O’Brien, JA; Lieutenant Colonel
Steven C. Henricks, JA; Major Sean F. Mangan, JA; Captain Alison L.
Gregoire, JA (on brief).

For Appellee: Lieutenant Colonel Francis C. Kiley, JA; Major Elizabeth G.
Marotta, JA; Major Karen J. Borgerding, JA, USAR (on brief).

 13 June 2008

 -----------------------------------
 SUMMARY DISPOSITION
 -----------------------------------
Per Curiam:

 In her first assignment of error, appellant alleges that the Staff
Judge Advocate’s (SJA) statement in his addendum regarding the intention of
the parties to have appellant’s case referred to a Special Court-Martial
empowered to adjudge a bad-conduct discharge was “new matter,” which she
was denied the opportunity to comment on prior to action. However,
according to the discussion section that accompanies Rule for Courts-
Martial [hereinafter R.C.M.] 1106(f)(7), “new matter” does not include
“discussion . . . of the correctness of the initial defense comments on
the recommendation.” What the SJA was doing in his addendum was simply
that — discussing whether appellant was correct in her R.C.M. 1105/1106
submission in objecting to his characterization of which type of court-
martial the parties had agreed would try appellant. In addressing
appellant’s objection, the SJA relied on excerpts from the transcript which
demonstrated that appellant understood she would be tried by a Special
Court-Martial empowered to adjudge a bad-conduct discharge and that the
statement in her R.C.M. 1105/1106 submission to the contrary was incorrect.
 The SJA’s statements were not “new matter,” and as such, appellant was not
entitled to comment on them prior to action. The addendum “merely stated
an obvious fact in the course of advising the convening authority on the
‘correctness of the initial defense comments on the recommendation.’”
United States v. Scott, 66 M.J. 1, 4 (C.A.A.F. 2008). Given this,
appellant has failed to demonstrate any prejudice.

 Concerning appellant’s second assignment of error, we conclude that
the SJA’s erroneous characterization of appellant’s request to defer
forfeitures as a request to waive forfeitures was new matter. However,
appellant suffered no prejudice. Under article 58b, automatic forfeitures
take place only “during any period of confinement.” A soldier who receives
a sentence of confinement for six months, but who is not in fact confined
because of confinement credit, is not subject to automatic forfeitures.
Appellant was not entitled to receive a deferment of forfeitures as she had
no forfeitures to defer. Thus, no relief is warranted.

CHIARELLA, Judge, concurring in the result:

 Regarding appellant's first assignment of error, I concur in the
result, believing that appellant has not demonstrated any prejudice here.
However, I believe that the addendum’s discussion as to what the parties
intended the pretrial agreement to mean was “new matter” which should have
been provided to the accused for an opportunity to comment upon before
submission to the convening authority.

 The essence of post-trial practice is basic fair play — notice and an
opportunity to respond. United States v. Leal, 44 M.J. 235, 237 (C.A.A.F.
1996). As such, in order to avoid unnecessary appellate litigation, SJAs
should liberally construe the term “new matter.” See Id. at 237. Here, in
an attempt to bolster the accuracy of the SJAR, the addendum went beyond
merely stating whether the defense comments regarding the SJAR were correct
when it introduced discussion as to what all the parties, including the
appellant, allegedly intended the pretrial agreement to mean. As this
information was not contained in the original SJA recommendation or the
record of trial, I believe this is new matter. However, appellant has not
demonstrated that she suffered any prejudice. An accused is not entitled
to a new SJAR and action if the new matter is “neutral, neither derogatory
nor adverse to appellant, or if it is so trivial as to be nonprejudicial.”
United States v. Frederickson, 63 M.J. 55, 56 (C.A.A.F. 2006). Moreover,
if the SJA did raise new matter in the addendum, the accused must
demonstrate prejudice by identifying what, if anything, she would have
submitted to “deny, counter, or explain” the new matter. United States v.
Chatman, 46 M.J. 321, 323 (C.A.A.F. 1997). The new matter here was
neutral. It was not adverse to appellant. Appellant additionally failed
to set forth what she would have submitted to rebut the new matter. Given
these factors, appellant's assignment of error is without merit as the new
matter was not prejudicial.

 I concur with the majority in their analysis of appellant’s second
assignment of error. While the mischaracterization of appellant's request
for a deferment of forfeitures was new matter, appellant did not suffer any
prejudice. Her second assignment of error is thus without merit.

 The findings of guilty and the sentence are affirmed.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court