UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 JOHNSON, BAIME, and BURTON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist BRANDON T. TESSIER
 United States Army, Appellant

 ARMY 20100161

 Headquarters, U.S. Army Support Activity
 Joint Base McGuire-Dix-Lakehurst
 Denise R. Lind, Military Judge
 Lieutenant Colonel Mark A. Nozaki, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M.
Jamison, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Captain Stephen
J. Rueter, JA (on brief).

For Appellee: Major Amber J. Williams, JA; Major Ellen S. Jennings, JA;
Captain Edward J. Whitford, JA (on brief).

 7 June 2011

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------
Per Curiam:

 A special court-martial composed of a military judge sitting alone
convicted appellant, pursuant to his pleas, of possession of child
pornography, in violation of Article 134, Uniform Code of Military Justice
[hereinafter UCMJ], 10 U.S.C. § 934. The convening authority approved the
adjudged sentence of confinement for five months, reduction to Private E1,
and a bad-conduct discharge.

 This case is before the court for review pursuant to Article 66, UCMJ.
 Appellant’s sole assignment of error alleges appellant was prejudiced when
the staff judge advocate (SJA) failed to serve appellant with new matters
contained in the addendum to the post-trial recommendation (SJAR), in
violation of Rule for Courts-Martial (R.C.M.) 1106(f)(7). Specifically,
appellant highlights the following language in the addendum:

 PVT Tessier was sentenced to five (5) months, and served less
 than four (4), for an offense that under the Federal Sentencing
 Guidelines warrants a minimum sentence of no less than eighteen
 (18) to twenty-four (24) months confinement. PVT Tessier
 therefore served less than one-quarter of the sentence he would
 have received in Federal Court for the exact offense.

 Under the facts of this case, we disagree the reference to the
federal sentencing guidelines constituted a new matter requiring service in
accordance with R.C.M. 1106(f)(7). “New matter” is not explicitly defined
in the Manual for Courts-Martial, and our superior court has not defined
the term. United States v. Scott, 66 M.J. 1, 3 (C.A.A.F. 2008). As noted
in Scott, however, we are not without guidance:

 “New matter” includes discussion of the effect of new decisions
 on issues in the case, matter from the outside the record of
 trial, and issues not previously discussed. “New matter” does
 not ordinarily include any discussion by the staff judge
 advocate or legal officer of the correctness of the initial
 defense comments on the recommendation.

Id. (quoting R.C.M. 1106(f)(7), Discussion).

 Appellant made specific reference to the sentencing guidelines in his
R.C.M. 1105 and 1106 clemency submissions, citing academia’s criticisms
both of sentencing in the American justice system in general and the
federal sentencing guidelines in particular. This section of his clemency
submissions, labeled “Burden of an Excessive Sentence,” states,

 Why do I speak of harsh sentences, specifically when related to
 sentencing conducted in military child pornography cases, such
 as this one? Although not bound by any sort of sentencing
 guidelines, Trial Judges within our system of military justice,
 when hearing cases dealing with Child Pornography, amongst many
 other charges in this case, do consult the maximum punishment
 sentencing guidelines contained within the Child Pornography
 Prevention Act and the Federal Sentencing Guidelines, in
 addition to their discretion in our system of justice. However,
 the military justice system is not bound by any Federal
 Sentencing Guidelines, whatsoever, and can show mercy. This
 includes you, as the General Courts-Martial Convening Authority,
 via clemency.

In this same section, trial defense counsel then argued appellant’s
sentence was too severe.
 The SJA’s discussion of these sentencing guidelines in the addendum
and how they related to appellant’s adjudged sentence was simply a response
to the defense comments made in the clemency submissions, and did nothing
more than place the defense counsel’s comments concerning the Federal
Sentencing Guidelines in context. The SJA’s comments were therefore not
“new matter.” See id.

 Even assuming arguendo the information amounted to a “new matter,”
appellant must still demonstrate prejudice. United States v. Chatman, 46
M.J. 321, 323-24 (C.A.A.F. 1997). Appellant must state, “what, if
anything, would have been submitted to ‘deny, counter, or explain’ the new
matter.” Id. at 323 (citing and quoting Article 59(a)). In this case,
the appellant has not made a colorable showing of possible prejudice
concerning the approved sentence. See United States v. Kho, 54 M.J. 63, 65
(C.A.A.F. 2000); United States v. Wheelus, 49 M.J. 283, 289 (C.A.A.F.
1998).

 Appellant asserts on appeal that he “could have responded with a
discourse on how the sentencing process in civilian courts varies from that
in the military system,” noted the guidelines are not mandatory, “and
otherwise negated the reference by the SJA in the SJAR.” It is obvious,
however, that the clemency submissions themselves contained just such a
discourse and that any “rebuttal” that civilian and military sentencing
processes are different would merely be re-stating one of the main themes
already presented by appellant in his clemency submissions. Furthermore,
the SJA’s statements with respect to the sentencing guidelines were not
false, misleading, or incomplete. See United States v. Cornwell, 49 M.J.
491, 493 (C.A.A.F. 1998) (noting in part that the purpose of ordering a new
SJAR is to provide the appellant an opportunity to be made whole by
addressing the new matter). In this case, “there is nothing to be made
whole.” See id. For all these reasons we decline to return the case for a
new SJAR.

 DECISION

 On consideration of the entire record, we hold the findings of guilty
and the sentence as approved by the convening authority correct in law and
fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court