UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 KERN, CARLTON, and YOB
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist ALLAN J. MARQUARDT
 United States Army, Appellant

 ARMY 20100059

 Headquarters, Fort Stewart
 Tara Osborn, Military Judge
 Lieutenant Colonel Shane E. Bartee, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M.
Jamison, JA; Lieutenant Colonel Kageleiry, Jr., JA; Captain Kristin
McGrory, JA (on brief).

For Appellee: Major Amber J. Williams, JA; Major Ellen S. Jennings, JA;
Captain Edward J. Whitford, JA (on brief).

 29 July 2011

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------
Per Curiam:

 On 13 and 20 November 2009 and 6 and 28-29 January 2010, an enlisted
panel sitting as a special court-martial tried appellant. Pursuant to his
pleas, appellant was convicted of absence without leave from 1 April 2006
through 17 June 2006 in violation of Article 86, Uniform Code of Military
Justice [hereinafter UCMJ]; 10 U.S.C. § 886 (2008). Contrary to his pleas,
appellant was found guilty of absence without leave from 18 June 2006
through 27 April 2009, in violation of Article 86, UCMJ. The convening
authority approved the adjudged sentence of reduction to the grade of E1,
forfeiture of $964.00 pay per month for four months, confinement for four
months and a bad-conduct discharge.

 On 7 October 2010, defense counsel sent Rule for Courts-Martial
[hereinafter R.C.M.] 1105 post-trial matters to government counsel in an
email message with an attachment. The forwarding email message explained
that the post-trial matters referenced a post-trial AR 635-200, Chapter 10
discharge request, however, the discharge request was not enclosed because
defense counsel could not locate the appellant.[1] Appellant argues that
the staff judge advocate’s inclusion of defense counsel’s forwarding email
message, along with the 1105 matters, constituted new matter under R.C.M.
1106(f)(7) which was required to be served on appellant and his counsel for
comment.

 We find that the email message from defense counsel to government
counsel was neither new matter nor was it prejudicial to the appellant.
The forwarding email message, which contained the 1105 submission as an
attachment, arose from the defense counsel, was known to the defense
counsel and was not “news” to the defense. United States v. Scott, 66 M.J.
1, 3 (C.A.A.F. 2008). Moreover, the e-mail message was of a neutral
administrative nature explaining the content of the 1105 submission and
therefore did not constitute new matter under R.C.M 1106(f)(7). United
States v. Chatman, 46 M.J. 321 (C.A.A.F. 1997). In addition, we find that
there was no prejudice from the submission in that it was clear that the
intent of the defense counsel’s 1105 submission, even without a post-trial
chapter 10 attached, was for relief from the adjudged bad-conduct
discharge.[2]

 Despite finding that the forwarding email message was not new matter,
we caution staff judge advocates to confirm with defense counsel their
intent regarding inclusion of counsel’s written forwarding communications
with post-trial matters for consideration by the convening authority. This
court also emphasizes the importance of appellants maintaining contact with
their counsel to ensure that all information appellants want to present to
a convening authority is submitted.

 On consideration of the entire record, including consideration of the
issues personally specified by appellant pursuant to United States v.
Grostefon, 12 M.J. 431 (C.M.A. 1982), we hold the findings of guilty and
the sentence as approved by the convening authority correct in law and
fact. Accordingly, those findings of guilty and the sentence are AFFIRMED.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] The body of the email message was as follows: “Attached is Marquardt’s
1105 request. I have referenced a Post-Trial Chapter 10 request knowing
nothing is attached to the 1105. My problem is that Marquardt seems to
have disappeared after he was released from confinement. PFC [S] has kept
a log of her efforts to contact him; all to no avail. I have tried calling
him and today prepared a letter to send to the address he provided on his
PTAR statement. I realize we are out of time here, but I’m not sure what
to do. Hopefully he will respond. When is this supposed to go to the CA?”

[2] The 1105 submission attached to the email message was a one-page
memorandum from the defense counsel, which included in its conclusion, “SPC
Marquardt has already served his entire adjudged confinement. He has
learned his lesson. The ends of justice will not be served by the
unnecessarily prejudicial effect of a punitive discharge.”