# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman First Class CODY T. NYSTROM
### United States Air Force

## ACM 38351

## 14 August 2014

Sentence adjudged 23 January 2013 by GCM convened at Grand Forks Air Force Base, North Dakota. Military Judge: W. Shane Cohen (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 22 months, and a reprimand.

Appellate Counsel for the Appellant: Major Zaven T. Saroyan.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel C. Taylor Smith; Captain Richard J. Schrider; and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

TELLER, Judge:

Consistent with his pleas, the appellant was convicted at a general court-martial of making a false official statement; aggravated sexual assault of a child; sodomy; communicating indecent language with a child; travelling in interstate commerce for the purposes of engaging in sexual conduct with a child; possessing child pornography; distributing child pornography; producing child pornography; providing alcohol to a minor; and underage drinking, in violation of Articles 107, 120, 125, and 134, 10 U.S.C. §§ 907, 920, 925, 934. One specification of attempting to receive child

pornography in violation of Article 134, UCMJ, was dismissed with prejudice in accordance with a pretrial agreement. The court, composed of the military judge alone, sentenced the appellant to a bad-conduct discharge, confinement for 22 months, and a reprimand. The military judge also awarded 72 days of confinement credit for pretrial punishment in violation of Article 13, UCMJ, 10 U.S.C. § 813. The convening authority approved the sentence as adjudged.

The appellant raises a single issue on appeal: whether the addendum to the staff judge advocate's recommendation (SJAR) contained a new matter that was not referred to the appellant or his counsel as required by Rule for Courts-Martial (R.C.M.) 1106(f)(7).

*Background*

Over a nine-month period from August 2011 to April 2012, the appellant had a relationship with a child under the age of 16 years that culminated in sexual intercourse on several occasions. At the inception of the relationship, the appellant was 19 years old and the victim was 14 years old. After raising several pretrial motions, the appellant eventually agreed to plead guilty to all but one of the charged offenses in exchange for a cap on punishment and the Government's agreement to dismiss the remaining specification with prejudice.

After receiving the record of trial and SJAR, the appellant submitted matters for consideration by the convening authority pursuant to R.C.M 1105. The matters consisted of a letter from trial defense counsel arguing for a reduction in the term of confinement, 10 character letters in support of the appellant, and an e-mail from the appellant's grandmother, which offered the appellant immediate employment and a place to live upon his release. The letter from trial defense counsel requested clemency for the appellant based on two factors, only one of which is relevant for this appeal. Trial defense counsel argued that the facts of the case were far less aggravating than the charges themselves made it appear. She argued that the appellant simply fell in love with someone he should not have, and that the victim's testimony showed she "had not really been adversely impacted by the relationship."

The convening authority's staff judge advocate (SJA) supplemented the SJAR in an addendum, arguing, among other things, that "[t]he degree to which this child victim feels victimized by the [appellant's] conduct bears little relevance to the level of punishment this Airman has earned." The convening authority subsequently approved the sentence as adjudged.

*Review of the Addendum*

"Whether matters contained in an addendum to the SJAR constitute 'new matter' that must be served upon an accused is a question of law that is reviewed de novo."

*United States v. Scott*, 66 M.J. 1, 3 (C.A.A.F. 2008) (citing *United States v. Chatman*, 46 M.J. 321, 323 (C.A.A.F. 1997)). The SJA may supplement a post-trial recommendation, but when the addendum contains "new matter," the SJA must give the accused and his counsel 10 days to review the addendum and submit any comments. R.C.M. 1106(f)(7). A "new matter" is neither defined in the *Manual for Courts-Martial* (*MCM*), nor has it been comprehensively defined by the courts. *See Scott*, 66 M.J. at 3. The non-binding Discussion to R.C.M. 1106(f)(7) provides:

> "New matter" includes discussion of the effect of new decisions on issues in the case, matter from outside the record of trial, and issues not previously discussed. "New matter" does not ordinarily include any discussion by the staff judge advocate or legal officer of the correctness of the initial defense comments on the recommendation.

Our superior court has cited the Discussion with favor and applied its definition in identifying new matter in other cases. *See Scott*, 66 M.J. at 3; *United States v. Buller*, 46 M.J. 467, 468 (C.A.A.F. 1997); *Chatman*, 46 M.J. at 323.

*Whether the Addendum Contained New Matter*

The appellant contends the SJA's assertion in the addendum that the degree to which the victim felt harmed bears little relevance to the punishment is a legal argument constituting new matter. We disagree. The assertion does not fall within one of the categories identified as new matter in the Discussion to R.C.M. 1106(f)(7). Instead, it addresses the correctness of the argument raised by trial defense counsel in her letter to the convening authority. Any discussion addressing the correctness of the initial defense comments are—as provided by the R.C.M. 1106(f)(7), Discussion—not ordinarily new matter.

We decline to adopt the appellant's characterization that the addendum asserts "victim impact does not matter in clemency." Just as trial defense counsel was free to assert the lack of victim impact was highly relevant in this case, the SJA was permitted to assert it had low relevance. Each assertion merely characterized the weight the two parties believed the convening authority should place on that aspect of the case.

*Prejudice*

Assuming arguendo the addendum contained a new matter, the appellant must still show prejudice. *See United States v. Frederickson*, 63 M.J. 55, 56 (C.A.A.F. 2006). "The burden is on an appellant to 'demonstrate prejudice by stating what, if anything, would have been submitted to deny, counter, or explain the new matter.'" *Id.* at 57 (quoting *Chatman*, 46 M.J. at 323). "'[I]f an appellant makes some colorable showing of possible prejudice, we will give that appellant the benefit of the doubt and we will not speculate on what the convening authority might have done if defense counsel had been

given an opportunity to comment.'" *Id.* at 56–57 (alteration in original) (quoting *United States v. Catalani*, 46 M.J. 325, 327 (C.A.A.F. 1997)).

In this case, the appellant did not submit affidavits from trial defense counsel nor make any proffer of what the appellant would have said in response to the asserted new matter. We can infer from the appellant's characterization of the addendum that he would have contended victim impact is indeed an important factor in weighing whether clemency is appropriate. If so, then it merely reprises the argument from trial defense counsel's initial letter and would likely have had no additional impact on the convening authority's decision. Accordingly, even if the matter complained of in the addendum were considered a new matter, the appellant has failed to make any colorable showing of possible prejudice.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court