# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————

### No. 201600247

————————————

## UNITED STATES OF AMERICA
Appellee

v.

## CLAY P. ELLIOTT
Private (E-1), U.S. Marine Corps
Appellant

————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Elizabeth A. Harvey, USMC.
Convening Authority: Commanding Officer, Marine Aviation
Logistics Squadron 16, MCAS Miramar, San Diego, CA.
Staff Judge Advocate's Recommendation: Captain J.A. Cacioppo,
USMC.
For Appellant: Major Jason L. Morris, USMCR.
For Appellee: Major Cory A. Carver, USMC;Lieutenant Megan P.
Marinos, JAGC, USN.

————————————

Decided 27 April 2017

————————————

Before MARKS, FULTON, and JONES, *Appellate Military Judges*

————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

————————————

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of one specification of failure to obey a general order, two specifications of failure to obey a lawful order, and one specification of wrongful use of a controlled substance, in violation of Articles 92 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892 and 912a. The

military judge sentenced the appellant to 103 days' confinement and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged and, except for the punitive discharge, ordered the sentence executed.

The appellant raises a single assignment of error (AOE), claiming that the government failed to provide him an opportunity to submit matters in response to an addendum to the staff judge advocate's recommendation (SJAR). After careful consideration, we find no error materially prejudicial to the appellant's substantial rights and affirm the findings and sentence. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

The appellant's AOE implicates only the post-trial review of his court-martial. On 14 June 2016, the staff judge advocate (SJA) issued his initial SJAR and served a copy of the SJAR on the trial defense counsel the same day. On 24 June 2016, trial defense counsel responded with a request for clemency alleging legal errors in the appellant's case. Three of the four legal errors alleged were the subject of pretrial motions litigated before the appellant and the CA reached a pretrial agreement. The following day, the SJA forwarded the appellant's clemency request to the CA with an addendum SJAR.

In the addendum, the SJA addressed the allegations of legal error: "The defense has raised allegations of legal error. Having reviewed these allegations, I disagree with the defense's assertion of error. Thus, no corrective action on the findings or sentence is warranted."[1] Explicitly stating that the addendum raised no new matters, the SJA reiterated his initial recommendation and invited the CA to take his action.[2] In an undated promulgating order, the CA approved the adjudged sentence after considering "the [SJAR] and its enclosures, and the addendum to the [SJAR] and its enclosure, including all matters submitted by the defense and the accused in accordance with R.C.M. 1105 and 1106."[3]

Although the SJAR addendum indicated delivery of a copy to the appellant's trial defense counsel, she claims never to have received it.[4] There was no acknowledgement of service in the record. The addendum itself was

---

[1] SJAR Addendum of 25 Jun 2016.

[2] *Id.*

[3] Special Court-Martial Order No. 18-2016 at 3.

[4] Appellant's Motion to Attach of 23 Sep 2016, Declaration of [Captain MF] of 23 Sep 2016.

absent from the record until the government moved to attach it on 13 October 2016.

## II. DISCUSSION

Whether an SJA's comments constitute new matter—and thus trigger a requirement of service on defense counsel and a further opportunity to comment—is a question of law we review *de novo*. *United States v. Chatman*, 46 M.J. 321, 323 (C.A.A.F. 1997).

"Before forwarding the recommendation and the record of trial to the [CA] for action . . . , the [SJA] . . . shall cause a copy of the recommendation to be served on counsel for the accused." RULE FOR COURTS-MARTIAL (R.C.M.) 1106(f)(1), MANUAL FOR COURTS-MARTIAL (MCM), UNITED STATES (2016 ed.). "Counsel for the accused may submit, in writing, corrections or rebuttal to any matter in the recommendation believed to be erroneous, inadequate, or misleading, and may comment on any other matter[,]" along with matters in clemency submitted pursuant to R.C.M. 1105. R.C.M. 1106(f)(4). After giving counsel the opportunity to comment, an SJA may supplement the SJAR with an addendum. R.C.M. 1106(f)(7). But "[w]hen new matter is introduced after the accused and counsel for the accused have examined the recommendation," they "must be served with the new matter and given 10 days from service of the addendum in which to submit comments." *Id.*

The Discussion of R.C.M. 1106(f)(7) defines new matter to include "discussion of the effect of new decisions on issues in the case, matter from outside the record of trial, and issues not previously discussed. 'New matter' does not ordinarily include any discussion by the [SJA] . . . of the correctness of the initial defense comments on the recommendation." Recognizing that this discussion is non-binding, our superior court "has nonetheless cited with approval its illustrations of what is and is not a new matter." *United States v. Del Carmen Scott*, 66 M.J. 1, 3 (C.A.A.F. 2008) (finding that the SJA did not introduce new matter when he disputed the appellant's claim of an overly harsh sentence by stating "that the members had the benefit of personally hearing the evidence and determined that the sentence was appropriate.") (citation omitted).

Here, the SJAR addendum enclosed the appellant's clemency request and indicated the SJA's disagreement with the defense's allegations of error. Unlike the SJA in *Del Carmen Scott*, this SJA cited no facts or evidence, nor did he discuss "the effect of any new decisions on issues in the case, matter from outside the record of trial, [or] issues not previously discussed." R.C.M. 1106(f)(7), Discussion. We find the addendum did not raise a new matter under R.C.M. 1106(f)(7) and thus did not necessitate service of a copy on the appellant's counsel for further comment.

Even assuming, *arguendo,* that the addendum contained new matter, the appellant must demonstrate prejudice by stating "what, if anything, would have been submitted to 'deny, counter, or explain' the new matter." *United States v. Rodriguez-Rivera,* 63 M.J. 372, 384 (C.A.A.F. 2006) (quoting *Chatman,* 46 M.J. at 324). The appellant has not responded to the SJAR addendum, served on his counsel on 13 October 2016, with any "proposed rebuttal" and thus has not met his burden of showing colorable prejudice. *Id.*

## III. CONCLUSION

The findings and sentence as approved by the CA are affirmed.

For the Court



R.H. TROIDL
Clerk of Court