*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
HITESMAN, LAWRENCE, and KOVAC,
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**James E. BRIGHTWELL**
Aviation Maintenance Administrationman Third Class (E-4),
U.S. Navy
Appellant

**No. 201800146**

Decided: 5 November 2019

Appeal from the United States Navy-Marine Corps Trial Judiciary. Military Judge: Captain Robert Monahan, JAGC, USN (arraignment); Commander Hayes Larsen, JAGC, USN (trial). Sentence adjudged on 25 January 2018 by a general court-martial convened at Naval Station Norfolk, Virginia, consisting of a military judge sitting alone. Sentence approved by the convening authority: reduction to E-1, forfeiture of all pay and allowances, confinement for 40 months,[1] and a dishonorable discharge.

For Appellant: Captain Kimberly D. Hinson, JAGC, USNR.

For Appellee: Lieutenant Clayton S. McCarl, JAGC, USN; Captain Brian L. Farrell, USMC.

_____

[1] The convening authority suspended confinement in excess of 24 months pursuant to a pretrial agreement.

––––––––––––––––––––

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

––––––––––––––––––––

PER CURIAM:

Appellant was convicted, in accordance with his pleas, of one specification of sexual assault and one specification of abusive sexual contact in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 USC § 920 (2016).

Appellant raises two assignments of error: (1) the Government prejudiced Appellant when it failed to serve his trial defense counsel (TDC) with either the staff judge advocate (SJA) recommendation or the addendum to the SJA recommendation as required by RULE FOR COURTS-MARTIAL (R.C.M.) 1106(f), MANUAL FOR COURTS-MARTIAL (M.C.M.), UNITED STATES (2016 ed.); and (2) the TDC's failure to request viable clemency constitutes ineffective assistance of counsel.

We find no error and affirm.

## I. BACKGROUND

Appellant was assigned to USS HARRY S. TRUMAN (CVN-75). On 23 June 2016, the ship made a port visit to Crete, Greece. Appellant and several shipmates, including the eventual female victim, Aviation Electronics Technician Third Class (AT3) E.G., went on liberty for the day to a local beach. One of the shipmates rented a hotel room, and the group spent their day drinking alcohol at the hotel bar and beach. At the end of the day, Appellant observed that AT3 E.G. was extremely intoxicated with slurred speech and that she left the beach for the hotel room in order to rest. Appellant testified that approximately 15-30 minutes after her departure, he went to the hotel room to shower. Upon entering the room, Appellant saw AT3 E.G. (still wearing her two-piece swimsuit) slouched over the armrest of the hotel room couch. Another female Sailor was also in the hotel room; however, she left after Appellant finished his shower. Once alone, Appellant sat next to AT3 E.G. on the couch and used his hand to touch AT3 E.G.'s vagina underneath her swimsuit. Appellant testified that AT3 E.G. was heavily intoxicated from alcohol and barely conscious. AT3 E.G. attempted to thwart Appellant's advances by telling him "no" and that she was "too messed up." Record at 44; Prosecution Exhibit (PE) 1 at 2. Appellant testified that AT3 E.G. never gave

any indication that she wanted to have sex. Nonetheless, Appellant continued to touch AT3 E.G.'s vagina and eventually penetrated her vagina with his penis.

As part of the post-trial proceedings in this case, TDC submitted clemency matters requesting the convening authority (CA) suspend Appellant's automatic forfeitures. The SJA recommendation (SJAR) of 3 April 2018 references this clemency request, but does not provide any advice to the CA regarding how it should be resolved. Therefore, on 2 May 2018, an addendum to the SJAR was prepared, this time advising the CA that he was statutorily precluded from suspending automatic forfeitures under Article 58(b), UCMJ, because such relief is only available in cases where the accused has dependents–Appellant had no dependents. On this same date, the CA executed his CA Action denying Appellant's clemency request. There is no evidence in the record that the addendum to the SJAR was ever served on the TDC prior to the CA taking action.

## II. Discussion

### A. Service of the SJAR and Addendum to SJAR

Appellant alleges prejudice by claiming that he was never served with the SJAR. Pursuant to R.C.M. 1103(b)(3)(G), "[t]he post-trial recommendation of the staff judge advocate or legal officer and proof of service on defense counsel in accordance with R.C.M. 1106(f)(1)" must be attached to the record of trial. Specifically regarding supplements to the SJAR, "[t]he method of service and the form of the proof of service are not prescribed and may be by any appropriate means." R.C.M. 1106(f)(7), Discussion.

In his Appellate and post-trial rights statement, Appellant requested that a copy of the SJAR be delivered to his counsel. Appellate Exhibit VI. The record of trial contains a letter, dated 3 April 2018, from the SJA's office to TDC enclosing a copy of the SJAR. The proof of service of this letter is also attached to the Record in the form of an e-mail. This e-mail was sent on 3 April 2018 by the SJA's office to the military e-mail address of TDC. Accordingly, the record clearly demonstrates that the service requirements of R.C.M. 1106(f)(1) were satisfied, and Appellant's claim regarding lack of service has no basis in fact.

The evidence further establishes that the letter and e-mail from the SJA's office to TDC specifically requested TDC sign and return the "Acknowledgement of Receipt" form. There is no evidence in the record that this acknowledgement was ever returned by TDC. The record also fails to include any declaration or other evidence from TDC affirmatively stating that the SJAR was never served. Nonetheless, "absence of a receipt for the post-trial

recommendation does not establish a failure to comply with Rule for Court[s]-Martial 1106(f)(1), because affirmative proof is not required." *United States v. Watkins*, 35 M.J. 709, 714 (N.M.C.M.R. 1992) (quoting *United States v. Diaz-Carrero*, 31 M.J. 920, 921 (A.C.M.R. 1990)). Even "[a]ssuming the appellant was not served with a copy of the SJA's recommendation, the erroneous omission of this procedure will not mandate a new convening authority's action in the absence of prejudice to the accused." *Watkins*, 35 M.J. at 714-15. Appellant has failed to demonstrate any prejudice.

Appellant also alleges prejudice because the addendum to the SJAR was not served on TDC. After service of the SJAR and an opportunity to comment, the law permits the SJA to "supplement the SJAR in the form of an addendum SJAR." *United States v. Del Carmen Scott*, 66 M.J. 1, 3 (C.A.A.F. 2008) (citing R.C.M. 1106(f)(7)). A copy of the addendum must only be served on the accused and counsel for the accused if it raises "new matter." *Id.* "New matter" is not specifically defined in the M.C.M., but our superior court has cited with approval the guidance provided in the Discussion of R.C.M. 1106(f)(7), defining "new matter" to include: "discussion of the effect of new decisions on issues in the case, matter from outside the record of trial, and issues not previously discussed. 'New matter' does not ordinarily include any discussion by the [SJA] . . . of the correctness of the initial defense comments on the recommendation." *Id.*

Here, the SJAR Addendum was fairly narrow in scope. It was produced to correct an omission in the original SJAR by providing advice to the CA that Appellant's requested clemency of suspending forfeitures was impermissible pursuant to Article 58(b), UCMJ, because Appellant had no dependents. There was nothing in this addendum from outside the record of trial and there were no issues raised in the addendum that were not previously discussed. There were no additional legal errors raised or post-trial matters submitted by the victims' legal counsel. The SJA specifically stated that his recommendation in the original SJAR "remains the same." Addendum to SJAR of 2 May 2018. Accordingly, we find that the addendum did not raise any new matter under R.C.M. 1106(f)(7) that necessitated service of a copy on Appellant and his counsel. Even assuming, *arguendo*, that new matter was contained in this SJAR Addendum, Appellant must show prejudice by explaining "what, if anything, would have been submitted to 'deny, counter, or explain' the new matter." *United States v. Rodriguez-Rivera,* 63 M.J. 372, 384 (C.A.A.F. 2006) (quoting *United States v. Chatman,* 46 M.J. 321, 324 (C.A.A.F. 1997)). Appellant has failed to make any showing of prejudice. Accordingly, this assignment of error is without merit.

**B. Post-Trial Ineffective Assistance of Counsel**

In his second assignment of error, Appellant claims that TDC provided ineffective assistance of counsel by failing to request "viable" clemency. In support of this claim, Appellant files a declaration stating that he "wanted [TDC] to request any and all clemency that was available." Declaration of Appellant of 24 July 2018. For the following reasons, we find no merit in Appellant's claim because he fails to meet his burden of establishing colorable prejudice.

"By virtue of Article 27, UCMJ, 10 U.S.C. § 827, as well as the Sixth Amendment of the Constitution, a military accused is guaranteed the effective assistance of counsel." *United States v. Scott*, 24 M.J. 186, 187-88 (C.M.A. 1987) (citations omitted). This right extends to post-trial proceedings. *United States v. Cornett,* 47 M.J. 128, 133 (C.A.A.F. 1997). To analyze claims of ineffective assistance of counsel, we apply the two-prong test established by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Under this test, "an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green,* 68 M.J. 360, 361-62 (C.A.A.F. 2012) (citing *Strickland,* 466 U.S. at 687). However, "[w]hen reviewing ineffectiveness claims, 'a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant . . . [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'" *United States v. Datavs,* 71 M.J. 420, 424-25 (C.A.A.F. 2012) (quoting *Strickland,* 466 U.S. at 697); *see also United States v. Bradley,* 71 M.J. 13, 16 (C.A.A.F. 2012) ("It is not necessary to decide the issue of deficient performance when it is apparent that the alleged deficiency has not caused prejudice") (citation omitted). For post-trial ineffectiveness claims, the appellant's burden is low; he must only demonstrate a "colorable showing of prejudice." *United States v. Wheelus,* 49 M.J. 283, 289 (C.A.A.F. 1998) (quoting *Chatman,* 46 M.J. 323-24).

Here, Appellant has not made any colorable showing of prejudice. His attempt at demonstrating prejudice merely consists of a one-line statement generally indicating that he "would have wanted [TDC] to request any and all clemency that was available." Declaration of Appellant of 24 July 2018. There is no additional evidence or argument attached to his declaration. Vague and generalized claims of this sort are insufficient to demonstrate prejudice. *See United States v. Pierce,* 40 M.J. 149, 151 (C.M.A. 1994) (finding that "vague and general intimations" regarding what an appellant would have submitted to the CA are insufficient to show prejudice). Moreover, Appellant offers no argument regarding what the CA "might have done to structure an alternative form of clemency." *United States v. Capers,* 62 M.J. 268, 270 (C.A.A.F. 2005). Appellant already benefited from a pretrial agreement whereby the CA

5

agreed to reduce confinement to 24 months. This was a significantly favorable limitation on confinement given the nature of Appellant's crimes and his actions of sexually violating an intoxicated shipmate while deployed overseas.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we find that the approved findings and the sentence are correct in law and fact and that there is no error materially prejudicial to the appellant's substantial rights. Arts. 59 and 66, UCMJ. Accordingly, the findings and the sentence as approved by the CA are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court