# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MORRIS, JUETTEN, and MURDOUGH
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist FRANK J. BARBOSA**
**United States Army, Appellant**

ARMY 20240538

Headquarters, Fort Campbell
John R. Maloney, Military Judge
Lieutenant Colonel John C. Olson, Jr., Special Trial Counsel

For Appellant: Colonel Frank E. Kostik, Jr., JA; Lieutenant Colonel Kyle C. Sprague, JA; Major Kelsey Mowatt-Larssen, JA; Captain Eli M. Creighton, JA (on brief).

For Appellee:  Colonel Richard E. Gorini, JA; Major Vy T. Nguyen, JA; Captain Teri'el M. Dixon, JA (on brief).

12 February 2026

------------------------------
SUMMARY DISPOSITION
------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

MURDOUGH, Judge:

We will not disturb a finding of guilt entered pursuant to a guilty plea unless there is a substantial basis in fact or law to do so. *E.g. United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991). Finding none here, we affirm the appellant's convictions, though we address a procedural discrepancy between the plea and findings caused by the military judge errantly granting a government motion to dismiss excepted language and an error in the Statement of Trial Results that led to an *ulra vires* reprimand.

As we have said before, and reiterate here, "when an accused submits, and the government accepts, a plea agreement to plead guilty to a specification by exceptions and substitutions, the government should not make, and the military judge should not grant, a motion to dismiss the excepted language prior to the entry

of findings." *United States v. Hurd*, ARMY 20240033, 2025 CCA LEXIS 374, at *1 (Army Ct. Crim. App. 6 Aug. 2025) (summ. disp.).

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of two specifications of assault consummated by a battery and one specification of sexual harassment in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 934 [UCMJ]. Consistent with the terms of a plea agreement, the military judge sentenced appellant to a bad-conduct discharge and to be confined for 10 months.

Before addressing the merits of appellant's case, we must first turn to another error that necessitates correction. As noted *supra*, appellant was sentenced to a bad-conduct discharge and to be confined for 10 months. However, the Statement of Trial Results, incorporated into the judgment, reflects that the military judge also sentenced appellant to be reprimanded. The sentence announced on the record does not include a reprimand. Regrettably, this mistake was not corrected, and the convening authority punitively reprimanded appellant "pursuant to the sentence of the court-martial." This reprimand, dated 20 November 2024, is included in the certified record of trial. We find the convening authority's reprimand to be an *ultra vires* action and void *ab initio*. We further correct the Statement of Trial Results in our decretal paragraph and remind all involved, irrespective of the nature or manner of their involvement in the judicial process, to be cognizant of the need for accuracy in the records of courts-martial proceedings.

## BACKGROUND

The only specification at issue on appeal is the sexual harassment specification. Appellant sent an unsolicited and unwelcome photograph of his erect penis to the victim, one of his battalion's medics.

Originally charged with sending "picture*s* of his penis" (emphasis added), appellant and the referral authority entered into an agreement by which appellant agreed to plead to sending a single image, excepting the word "pictures" and substituting therefor the word "picture."[1] The specification, both as alleged and as pled, alleged in relevant part that:

> such conduct was unwelcome; and under the circumstances was so severe, repetitive, or pervasive that a reasonable person would perceive, and [the victim] did perceive, an intimidating, hostile, or offensive working environment; and that such conduct was to the prejudice of good order

---

[1] This word-for-word substitution produced a syntactically awkward, but legally adequate, phrasing of the *actus reus*: "by sending [the victim] picture of his penis".

and discipline in the armed forces and of a nature to bring discredit upon the armed forces.

During the providence inquiry, appellant initially acknowledged that the photograph was unwelcome, and "if any one [*sic*] outside of the armed forces knew conduct like that was going on around [*sic*], it would bring a lot of discredit to the armed forces." He also told the military judge that he knew his conduct was unwelcome because the victim responded by saying words to the effect of "don't send anything like that again . . . ."

When the military judge asked how a reasonable person would perceive his conduct sending the photograph, appellant acknowledged it would be "shocking" and "create issues in the unit." After further inquiry, he stated he believed "the result of the picture" produced a hostile and offensive work environment for the victim. He later stated it directly affected the victim and lowered her morale, to include her ability to provide medical support for his company. He also acknowledged that this conduct was contrary to Army policy, making his conduct prejudicial to good order and discipline and that "the public would look down on" his conduct.

After accepting the plea, the government moved to dismiss "the excepted word 'pictures' of Specification 1 of Charge II."[2] Without objection from the appellant, the military judge granted the motion. He then announced a general finding "Of Charge II and its Specification: Guilty."

## LAW AND DISCUSSION

### *A. Sufficiency of the Plea to Sexual Harassment*

Appellant submits two assignments of error, that the sexual harassment specification is legally insufficient and that the military judge erred by accepting the appellant's plea to this specification. "The test for legal sufficiency is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Smith*, 83 M.J. 350, 359 (C.A.A.F. 2023) (internal quotation marks omitted) (citation omitted). In a guilty plea, the factual basis for the conviction is the accused's statements presented to the military judge during the providence inquiry. Rule for Courts-Martial [R.C.M.] 910(e); *see also United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996); *United States v. Inabinette*, 66 M.J.

---

[2] The plea agreement directed the trial counsel to move to dismiss "the charges and specifications to which [appellant pled] not guilty." The plea agreement is silent as to this excepted language. This motion to dismiss also dismissed the other specification of Charge II, leaving Specification 1 as the sole specification of Charge II.

320, 321-22 (C.A.A.F. 2008). Thus, appellant's second assignment of error eclipses the first. We will only set aside an appellant's plea if the record demonstrates "a 'substantial basis' in law and fact for questioning the guilty plea." *Prater*, 32 M.J. at 436.

Appellant asserts his statements made during the providence inquiry and entered via his stipulation of fact were conclusory and insufficient to establish that his conduct created an intimidating, hostile, or offensive work environment. He also contends that neither satisfied either terminal element – that his conduct was both prejudicial to good order and discipline or service-discrediting.

We disagree. The military judge's inquiry adequately established that not only *could* his conduct have created an intimidating, hostile, or offensive work environment for a fellow soldier, but appellant believed that it actually did.[3] With regard to conduct prejudicial to good order and discipline, appellant acknowledged it impacted his victim's morale and concomitantly her ability to perform her military duty, and furthermore violated a service regulation, the purpose of which was to maintain morale and unit cohesion. *See Manual for Courts-Martial, United States* (2019 ed.), pt. IV, ¶ 91.c.(2)(b) (noting that conduct prejudicial to good order and discipline may result from a "breach of a custom of the Service," many of which "are now set forth in regulations of the various armed forces."). Finally, service-discrediting conduct is prospective; it is not necessary to establish that the public was actually aware of appellant's conduct, only that his conduct "would have tended to bring discredit upon the service had the public known of it." *United States v. Phillips*, 70 M.J. 161, 166 (C.A.A.F. 2011) (citation omitted).

Appellant's statements to the military judge adequately established a factual basis for his belief that he was guilty of each essential element of the offense, and there is no substantial basis in fact or law to question the providence of his plea.

### B. The errant announcement of findings

When the government made, and the military judge granted, the motion to dismiss the excepted word "pictures" from Specification 1 of Charge II, "that language ceased to exist before the court-martial." *Hurd*, 2025 CCA LEXIS 374, at *4-5. Then the military judge announced a general finding of guilt that accounted for neither the excepted nor substituted words. We again remind military judges: a court cannot dismiss excepted language and yet enter a guilty finding for substituted language. Rule for Courts-Martial 918(a)(1)(c) only permits a court to enter a finding of guilty for substituted words or figures if it also enters a finding of not guilty for the excepted words or figures.

---

[3] The military judge's inquiry probed each separate element of the disjunctive; he inquired how appellant's conduct was intimidating, offensive, and hostile.

Nonetheless, "[i]t is 'abundantly clear' that the appellant, [referral] authority, and both parties intended that the appellant plead to, and be found guilty of, the substituted language . . . ." *Hurd*, 2025 CCA LEXIS 374, at *6 (quoting *United States v. Mahnke*, ARMY 20210533, 2022 LEXIS 566, at *7 (Army Ct. Crim. App. 30 Sept. 2022) (summ. disp.)). Thus, appellant suffers no prejudice if, as a matter of judicial economy, we affirm the finding of "guilty by exceptions and substitutions" that is reflected in the Statement of Trial Results and incorporated in the judgment of the court. *See id.*

## CONCLUSION

The findings as reflected in the Statement of Trial Results and incorporated in the judgment, are AFFIRMED[4]. The word "pictures," originally alleged in Specification 1 of Charge II and purportedly dismissed without prejudice pending completion of final appellate review, is DISMISSED WITH PREJUDICE.[5]

The sentence of ten months' confinement and a bad-conduct discharge is AFFIRMED. The Statement of Trial Results is corrected to remove the indication that the appellant was sentenced to a punitive reprimand. We order restored all rights, privileges, and property of which the appellant may have been deprived by reason of the erroneous issuance of a punitive reprimand.

Senior Judge MORRIS and Judge JUETTEN concur.

FOR THE COURT:

HERRING, JR.
Clerk of Court

---

[4] The Statement of Trial Results is amended as follows to conform with the original charge sheet: the word "breast" in Specification 1 of Charge I on the Statement of Trial Results is amended to read "breasts," and the language reflecting the guilty finding of Specification 1 of Charge II is amended to add a semicolon after the word "penis."

[5] Had the military judge correctly announced the finding by exceptions and substitutions, he would have found appellant not guilty of this excepted word.