CLARK, Judge:
The Court has, on its own motion, reconsidered its earlier opinion dated 3 November *788 1995. That opinion is hereby withdrawn and the following decision is substituted therefor.
At his general court-martial, the appellant pleaded guilty, pursuant to a pretrial agreement,[1] to seven drug-related offenses involving use of cocaine, introduction of lysergic acid diethylamide [LSD] onto a Naval Air Station, and distribution of more than 700 units[2] of LSD, in violation of Uniform Code of Military Justice [UCMJ], Article 112a, 10 U.S.C. § 912a. He also pleaded guilty to attempting to distribute LSD, in violation of Article 80, UCMJ, 10 U.S.C. § 880. The sentence included confinement for 36 months, forfeiture of $400.00 pay per month for 36 months, reduction to pay grade E-1, and a dishonorable discharge. The convening authority approved the sentence as adjudged.
This case initially was decided by this Court on its merits. United States v. Swan, NMCM 94 0773 (N.M.Ct.Crim.App. 6 Oct. 1994). The appellant then petitioned the United States Court of Appeals for the Armed Forces for review of the following issues:
I
WHETHER THE CONVENING AUTHORITY ERRED IN NOT INDICATING IN HIS ACTION, AND NOT CONSIDERING, THE RESULTS OF ANY COMPANION CASES?
II
WHETHER THE NAVY-MARINE CORPS COURT OF MILITARY REVIEW ERRED BY AFFIRMING APPELLANT’S SENTENCE SINCE IT EXCEEDED RELATIVE UNIFORMITY WHEN COMPARED TO THE SENTENCES IN COMPANION CASES?
That Court granted the appellant’s motion to attach three court-martial orders, and it granted the Government’s motion to remand the case to this Court for review of the above issues.
Having reviewed the issues, we have concluded that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. We also hold that the term “companion cases” is not synonymous with the term “closely-related cases.” We discuss our analysis of the issues below.
Requirement To Indicate Companion Cases
The Manual of the Judge Advocate General of the Navy [JAGMAN], JAGINST 5800.7C, dated 1 October 1992, provides:
In court-martial cases where the separate trial of a companion case is ordered, the convening authority shall so indicate in his action on the record in each case.
JAGMAN, § 0151a(2). This Court has held that the JAGMAN does not require the convening authority to note all persons who may have been suspects or accused, but only companion cases in which a separate trial is ordered. United States v. Watkins, 35 M.J. 709, 716 (N.M.C.M.R.1992). Therefore, to determine if the convening authority erred, this Court must consider two questions:
(1) Were the cases listed by the appellant “companion cases” to his own? and
(2) Were they cases in which a separate trial was ordered within the meaning of the JAGMAN?
We will consider the questions in reverse order.
The JAGMAN does not indicate explicitly that those companion cases which must be listed are only those in which a separate trial is ordered by the same convening authority. Such limitation is implicit, however, in the language of the provision that “the convening authority shall so indicate in his action on the record in each case.” (Emphasis added.) Since a convening authority does not ordinarily act on cases convened by another convening authority, it is also implicit that the convening authority in a particular case should be held accountable for indicating only those companion cases for which that convening authority orders a separate trial.
*789 In the appellant’s case, only one of the listed cases, the general court-martial of AMAR Jason K. Herald, was convened by the same convening authority who convened the appellant’s case. The remaining two cases were special courts-martial convened by another special court-martial convening authority. Furthermore, the special court-martial convening authority did not act on the cases before the appellant’s convening authority acted on the appellant’s case. Consequently, as the appellant has conceded, the appellant’s convening authority is not likely to have known of these two cases. See The Appellant’s Brief, at 3. We hold that these two special courts-martial were not cases in which separate trials were ordered within the meaning of JAGMAN, § 0151a(2).
In determining whether the general court-martial of AMAR Herald was a “companion case” to the appellant’s, we sought criteria or definition within the source of the term. Diligent search of the JAGMAN, the Manual for Courts-Martial, 1984[MCM], and other authorities failed to provide a definition or criteria for the term. Absent such guidance, we look to the ascertainable facts of the cases to determine if there are enough similarities of facts, common occurrences, or concert of effort to consider these cases “companions.”
We find the following facts to be significant as they relate to the two cases:
(1) The appellant was convicted of distributing cocaine; Herald was not.
(2) The appellant was convicted of introducing LSD aboard the Naval Air Station [NAS] with intent to distribute it between March and June 1993; Herald was convicted of introducing LSD aboard the NAS with intent to distribute it between July and September 1993.
(3) In March 1993 the appellant attempted to distribute LSD to Pullig; in August Herald distributed 4 hits of LSD to Pullig.
(4) 25 August 1993 the appellant distribuí ed 25 hits of LSD to Rodgers in Grand Prairie, Texas; in August 1993 Herald distributed 22 hits of LSD to Pullig at the NAS, Dallas.
(5) The latest offense of which the appellant was convicted occurred in August 1993; Herald was convicted of three offenses occurring in September 1993, during part of which the appellant was in pretrial confinement.
(6) During June and July 1993 both the appellant and Herald distributed LSD to Johnson, however the record does not establish if this was a single distribution engaged in by both of them, several distributions engaged in by both of them, or several distributions not involving concerted effort by the appellant and Herald.
(7) The appellant distributed 500 hits of LSD to civilians between April and August 1993; Herald was not convicted of distributing to civilians.
(8) The appellant was convicted of distributing 38 hits of LSD to Hucks on 26 August 1993; Herald was not convicted of distributing to Hucks.
(9) During August through September 1993 Herald distributed LSD to Fancer, Evans, and Gebhardt; the appellant was not convicted of distributing to those persons.
(10) Herald was convicted of using LSD; the appellant was not.
(11) Between July and August 1993 the appellant distributed a sheet of 50 or 100 hits of LSD to Herald.
These facts indicate that, except for the distribution from the appellant to Herald, each of them was operating independently of the other, with no concerted effort to achieve a common goal. Even in the distribution between the appellant and Herald, although there was concerted effort, the objectives were not the same — the appellant’s objective was to distribute the LSD, while Herald’s objective was to receive the LSD.
We hold that companion cases are those in which the several accused are charged with engaging in, or the facts establish that they .committed, criminal conduct involving a concerted effort to achieve a common goal. Although such cases need not be alleged as conspiracies, there need be a showing of some commonality of conduct such as to indicate trademark-like similarities of culpability. Among some of the factors to consider in determining if cases are companions are:
*790 (1) Time — Is there a temporal commonality among the cases? Did the offenses occur at the same date/time?;
(2) Victim/other contact — Did the cases involve the same victim(s)? If transactions were involved, did the cases involve the same distributees, distributors, customers, etc.;
(3) Location — Did the offenses occur at the same place in each case?;
(4) Agreement — Did the accused in each case indicate, explicitly or by implication, a commonality of intent with the other accused? Was it in the nature of a conspiracy, aiding-and-abetting, whether or not alleged?;
(5) Other nexus — Were events, conduct, transactions, etc. so intertwined that fundamental fairness requires that the cases be considered companion cases?
Although not an exhaustive list of factors to consider, these listed factors may provide some guidance in the absence of other criteria.
We hold that the appellant’s case and that of AMAR Herald do not exhibit that degree of commonality that requires that they be considered companion cases. The convening authority did not err in not indicating them as companion cases in his actions on each of the cases.
Even if there had been error, the appellant has not made a colorable claim of prejudice resulting from such an omission. He has not even indicated how JAGMAN guidance to convening authorities creates for the appellant a right which is enforceable on appeal. If we had found the convening authority’s omission of an indication of a companion case to be error, under the circumstances of the appellant’s case, we are confident that we would have also found it to be harmless. See UCMJ, Article 59(a).
Sentence Comparison
As a threshhold requirement for the review of sentence comparison, the cases must involve offenses that are similar in both nature and seriousness or which arise from a common scheme or design. United States v. Kelly, 40 M.J. 558, 570 (N.M.C.M.R.1994). Those that are we label as “closely related.” Id. Highly disparate sentences in closely related cases should be considered in assessing the appropriateness of a particular sentence. United States v. Olinger, 12 M.J. 458 (C.M.A.1982); United States v. Driver, 36 M.J. 1020 (N.M.C.M.R.1993). To warrant relief a sentence must exceed “relative uniformity” or “rise to the level of an obvious miscarriage of justice or an abuse of discretion.” United States v. Snelling, 14 M. J. 267, 269 (C.M.A.1982)(quoting Olinger, 12 M.J. at 461).
Although we have determined that neither of the cases the appellant has listed is a companion case, as used in the JAGMAN, we will consider if they are “closely-related” cases for the purpose of sentence comparison. Pertinent summaries of the cases are listed below.
NAME CT-M OFFENSES SENTENCE
Swan, B.R. (Appellant) GCM (Convened by Chief NAVAIR Tmg) (1) Dist Coke; (2) Dist 500 hits LSD; (3) Intro LSD, w/intent; (4) Dist 25 hits LSD; (5) Dist 38 hits LSD; (6) Dist LSD; (7) Att Dist LSD; (8) Dist sheet LSD DD; CHL x 36 mos; $400 x 36 mos; E-1. (CA Approved.)
Herald, J.K. GCM (Convened by Chief NAVAIR Tmg) (1) Intro LSD, w/intent; (2) Dist 4 hits LSD; (3) Dist 22 hits LSD; *791 (4) Dist 4 hits LSD; (5) Dist 3 hits LSD; (6) Dist LSD; (7) Dist LSD; (8) Use LSD *790 DD; CHL x 24 mos; TF x 24 mos. (CA approved.)
*791 Gebhardt, T.C. SPCM (Convened by VF-201, NAF, Dallas) (1) Att buy 100 units Ecstasy; (2) Use marijuana; (3) Use LSD; (4) Dist LSD BCD; CHL x 120 days; $500 x 3 mos; E-l. (CA approved. Suspended x 12 mos CHL $ 45 days.)
Johnson, D.K. SPCM (Convened by VF-201, NAF, Dallas) (1) Use LSD; (2) Use marijuana; (3) Dist 2 hits LSD; (4) Dist LSD; (5) Dist 2 rocks crack BCD; CHL x 150 days; $500 x 4 mos; E-l. (CA approved, except forfeitures. ■ Suspended x 12 mos CHL $ 60 days.)
The appellant does not identify any “close relationship” between his case and the other three, except to show that all four cases involve convictions for violations of Article 112a. Both Gebhardt and Johnson were tried at special courts-martial for fewer offenses than the appellant and for offenses of a less serious nature than those committed by the appellant. Both of the special courts-martial were convened by a different convening authority than convened the appellant’s general court-martial. Both Herald and the appellant were tried at general courts-martial, and were convicted of the same number of offenses. The quantity of hits of LSD distributed by the appellant far exceed those distributed by Herald. Also, the appellant was convicted of distributing cocaine, which Herald was not.
The different numbers of offenses involved, the differences in the seriousness of the offenses, and the different convening authorities provide good and cogent reasons why Gebhardt and Johnson were tried at a lower forum than the appellant. These differences are such that the appellant does not reach the threshold requirement of showing a close enough relationship between his case and the special courts-martial to warrant sentence comparison. See Kelly, 40 M.J. at 570.
The appellant has also failed to show how his sentence and that of Herald are so widely disparate as to warrant relief. The appellant’s sentence includes confinement for 36 months compared to Herald’s confinement for 24 months. On the other hand, Herald was sentenced to total forfeitures for 24 months, whereas the appellant was sentenced to forfeit only $400.00 pay per month for 36 months. Both were sentenced to dishonorable discharges. Of the two sentences, the appellant has not even argued which is the more severe.
The appellant has not discussed any of the factors which may have been considered in reaching the sentences adjudged for Herald. He has given no evidence of the disciplinary history, performance record, or other individualized aspects of the two cases for comparison. Merely comparing the sentences based solely on the similarities of the offenses committed has little relevance to the individualized consideration that should be given to determining an appropriate sentence. Sentence comparison is only one of many aspects of determining sentence appropriateness. Smelling. To warrant relief a sentence must exceed “relative uniformity” or “rise to the level of an obvious miscarriage *792 of justice or an abuse of discretion.” Swelling; Olinger.
The sentences adjudged in the appellant’s case and in the case of AMAR Herald are not so widely disparate as to warrant some form of equalization.
Accordingly, the findings of guilty and the sentence, as approved on review below, are affirmed.
Senior Judge DeCICCO and Judge DOMBROSKI concur.

. The pretrial agreement was for the convening authority to suspend for 12 months from the date of sentencing all confinement over 5 years.

. Throughout the record units or doses of LSD are referred to as "hits.”