UNITED STATES

v.

**Jose A. ORTIZ, Sergeant (E–5), U.S. Marine Corps.**

**NMCM 99 00990.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 20 Nov. 1998.

Decided 25 Feb. 2000.

■■■■■■■■■■■■

LCDR Linda J. Lofton, JAGC, USN, Appellate Defense Counsel.

LCDR Patricia M. Sulzbach, JAGC, USNR, Appellate Defense Counsel.

LT James E. Grimes, JAGC, USNR, Appellate Government Counsel.

Before DORMAN, Senior Judge, TROIDL, Senior Judge, and ROLPH, Appellate Military Judge.

DORMAN, Senior Judge:

A military judge, sitting as a special court-martial, convicted the appellant, consistent with his pleas, of conspiracy to obstruct justice, four specifications of making false official statements, larceny, wrongful appropriation, adultery, and obstruction of justice. These offenses violated Articles 81, 107, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 907, 921, and 934 (1994). The approved sentence includes a bad-conduct discharge, confinement for 100 days, and reduction to E–1. Automatic forfeiture of $300 pay per month was deferred by the convening authority.

We have carefully reviewed the record of trial, the appellant's three assignments of error and the Government's response. We conclude that the findings and sentence are correct in law and fact that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

### Defective Staff Judge Advocate's Recommendation [SJAR]

In his first assignment of error, the appellant asserts that the Staff Judge Advocate [SJA] committed plain error in his SJAR, when he failed to describe the character of the appellant's five and a half years of service. As a remedy, the appellant asks that the record be returned to the convening authority for a new SJAR and action. While we agree that the SJA erred when he failed to summarize the appellant's service record, we do not find it necessary to return this case for a new action or SJAR.

At the time of the appellant's court-martial, he was a Sergeant in the Marine Corps. As a Sergeant, his performance was evaluated by the completion of a USMC Fitness Report. While serving as a Private through the rank of Corporal, his performance was evaluated by the assignment of proficiency and conduct marks. RULE FOR COURTS-MARTIAL 1106(d)(3)(C), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.) **requires** the SJA to include in the SJAR "[a] summary of the accused's service record, to include length and **character of service**, awards and decorations received, and any records of nonjudicial punishment and previous convictions." (Emphasis added.) This is not a new requirement! But, it is one that is frequently ignored as it was in this case by the SJA. Instead of summarizing the appellant's character of service, Colonel Zales, the SJA, advised the convening authority that the appellant's character of service was "not applicable." This was an obvious error, and one compounded by the fact that nowhere else in the record is there an indication of the appellant's overall character of service.

In our view, the longer an accused has served on active duty, the greater the importance of this summarization of his character of service. Thus, the longer the term of service, the more egregious the error of failing to comply with R.C.M. 1106(d)(3)(C). We encourage staff judge advocates to comply with this requirement and include in their SJARs a brief description of the character of service of an accused who may no longer have proficiency and conduct marks.

■■■ Although there is obvious error in this case, the SJA's failure to comply with R.C.M. 1106(d)(3)(C) does not, by itself, entitle the appellant to automatic relief. The appellant also has the burden of demonstrating how the error materially prejudiced his substantial rights. *United States v. Carpenter,* 51 M.J. 393, 396 (1999); *United States v. Reist,* 50 M.J. 108, 110 (1999); *United States v. Powell,* 49 M.J. 460, 464–465 (1998); and *United States v. Lynch,* 39 M.J. 37

(C.M.A.1993)(summary disposition). Furthermore, the failure of the appellant to comment on the SJA's error not only constitutes waiver, absent plain error, but it also may be considered in assessing whether plain error occurred. *Carpenter,* 51 M.J. at 397; R.C.M. 1106(f)(6).

■ The appellant failed to object to the SJA's failure to summarize the character of his service when given the opportunity to do so. Before this court, he has neither alleged nor demonstrated how the SJA's error materially prejudiced his substantial rights. Upon independent examination of the record, we discern no prejudice. We note that the appellant entered into a pretrial agreement in which he agreed to plead guilty in exchange for referral of the charges to a special court-martial, rather than a general court-martial. Additionally, the pretrial agreement provided for some degree of financial protection for the appellant's family, protection honored by the convening authority in his action. Finally, considering the appellant's background and his offenses, we find no possibility that he would have received a more favorable action from the convening authority had the SJA included a summarization of the character of the appellant's service in the SJAR. Accordingly, we reject the appellant's first assignment of error.

## Failure to Note Companion Cases

■ In his second assignment of error, the appellant alleges that the convening authority erred in his action by failing to note companion cases. The requirement to note companion cases is contained in the Manual of the Judge Advocate General, Judge Advocate General Instruction 5800.7C § 0151a(2)(Ch–3, 27 July 1998). The purpose of this requirement is similar to the purpose of the requirement to summarize an appellant's character of service; to ensure that the convening authority makes an informed decision when taking action on an accused's court-martial. The requirement,

however, is limited to those cases convened by the same convening authority. *United States v. Swan,* 43 M.J. 788, 790 (N.M.Ct. Crim.App.1995). We find no error in the record before us.

■ Although the appellant asserts that the convening authority erred in failing to note companion cases in his action, the appellant failed to identify those "companion" cases. Where the record itself does not identify companion cases,[1] it is incumbent upon the appellant to demonstrate that companion cases exist, and that those companion cases were referred to trial by the same convening authority. Having failed to do that, the appellant has not met his burden, and we reject his second assignment of error. *United States v. Watkins,* 35 M.J. 709, 716 (N.M.C.M.R.1992).

## Defective Providence Inquiry

In his final assignment of error, the appellant alleges that his guilty pleas are not provident because the military judge failed to establish whether the court-martial had personal jurisdiction over the appellant. We find the appellant's guilty pleas to be provident.

■ The issue of jurisdiction is never waived. *United States v. Robbins,* 52 M.J. 159, 160 (1999); *United States v. Reid,* 46 M.J. 236, 240 (1997); *see* R.C.M. 905(e). The appellant, however, has not raised jurisdiction as a defense. Rather, the appellant attacks the providence of his pleas based upon a failure of the military judge to elicit from him matters relating to personal jurisdiction over him. While such a practice is encouraged, it is not required. *United States v. Jones,* 30 M.J. 898, 902 (A.F.C.M.R. 1990).

■ In reviewing the entire record, we find nothing inconsistent with the appellant's guilty pleas that would cause us to question their providence, or require further inquiry into the issue of whether personal jurisdic-

---

1. The record does indicate that two other Marines involved with the appellant were possibly facing trial by general court-martial (Record at 27). The appellant was tried by special court-martial. The convening authority for the appellant's trial was the commanding officer of the appellant's battalion, a Marine colonel. There is no evidence or indication that he was also a general court-martial convening authority.

tion existed over the appellant. Regarding the issue of jurisdiction, we note that appellant, through counsel, acknowledged that no changes were needed regarding the personal data on page 1 of the charge sheet. Record at 59. Data on page 1 states that the initial date of the appellant's current service is 15 November 1996, and that he enlisted for 4 years. This information is also consistent with page 1 of Prosecution Exhibit 2, the appellant's reenlistment document. We find no merit in the appellant's third assignment of error.

## Conclusion

Accordingly, we affirm the findings and the sentence, as approved by the convening authority.

Senior Judge TROIDL and Judge ROLPH concur.